STATE OF NORTH CAROLINA v. ALVIN C. WEAVER

No. 110A86

(Filed 7 October 1986)

**Criminal Law § 34.5— other offenses—admissible to show identity**

> The trial court did not err in a prosecution for felonious larceny by admitting evidence that defendant had sold stolen property to the State's witness in the past where defendant's evidence was that he was a mere bystander as the sale was negotiated by a third party. Evidence of prior dealings between the witness and defendant was relevant to the question of the witness's certainty in identifying defendant as the one with whom he dealt and as evidence that defendant was involved in a scheme or plan to steal tools and sell them to the informant; evidence of other offenses is admissible so long as it is relevant to any fact or issue other than the character of the accused. N.C.G.S. § 8C-1, Rule 404(b) (Supp. 1985).

APPEAL of right by the State pursuant to N.C.G.S. § 7A-30(2) from the decision by a divided panel of the Court of Appeals, 79 N.C. App. 244, 339 S.E. 2d 40 (1986) reversing the defendant's conviction and ordering a new trial.

The defendant was charged with felonious breaking or entering and with felonious larceny of a chain saw and a socket set which were removed between 11:00 p.m. on 3 November 1984 and 12:00 Noon on 4 November 1984 from a storage building in Gaston County belonging to Buddy Edison. The defendant was acquitted of the breaking or entering charge and found guilty of felonious larceny at the 11 March 1985 Criminal Session of Superior Court, GASTON County, before *Lamm, J.* From judgment entered 14 March 1985 imposing a sentence of ten years, defendant appealed to the Court of Appeals. The Court of Appeals held that evidence

that the defendant had sold tools in the past to one of the State's witnesses was erroneously admitted at trial to the defendant's prejudice. Judge Arnold dissented, finding the evidence admissible as tending to show a plan or scheme to steal tools and sell them to the witness. The case is before this Court on the basis of the dissent. Heard in the Supreme Court on 10 September 1986.

*Lacy H. Thornburg, Attorney General, by Charles M. Hensey, Special Deputy Attorney General, for the State-appellant.*

*Malcolm Ray Hunter, Jr., by Leland Q. Towns, Assistant Appellate Defender, for the defendant-appellee.*

BILLINGS, Chief Justice.

The State called Carl Rutledge as a witness. Prior to Mr. Rutledge's testimony before the jury, the Court conducted a *voir dire* hearing to determine the admissibility of certain evidence which the State indicated that it would offer and to which the defendant objected.

The *voir dire* testimony of Mr. Rutledge established that he was stopped by a Gaston County police detective on 29 October 1984 while transporting a quantity of tools that he had purchased from the defendant. The detective informed him that some of the tools were stolen property and threatened to charge him with larceny or possession of stolen property unless he revealed where he got the tools. As a result, Mr. Rutledge agreed to cooperate with the police department. He said that he had known the defendant for about eight years and had bought items from him over the eight-year period. On 4 November 1984 he called the police department to report that the defendant had called and asked him to purchase certain items. Mr. Rutledge met with the police who searched him and his car and wired him for sound. He then met the defendant and another man, Roger Morris, at a trailer where he purchased two chain saws and a drill for $250.00 with marked bills which had been supplied to him by the police. One of the chain saws was the one taken from Mr. Edison's storage building.

The trial judge overruled the defendant's objection to introduction of evidence regarding the witness's purchase of tools on 29 October and the history of purchases by the witness from the defendant over an eight-year period.

The witness was permitted to testify before the jury that on 29 October 1984 at the defendant's request, he went to a trailer where the defendant introduced him to another man, Roger Morris, whom the defendant identified as his brother, and showed him "boxes of tools. The living room was full of them." He further testified that he gave $425.00 to the defendant for the tools after the defendant took him to a bank for the witness to cash a check to obtain cash for the purchase. He also stated that he had dealt with the defendant for about eight years and that it would be hard to say on how many occasions he had given the defendant money for tools. "You couldn't put them [the tools] in this courtroom."

The events occurring on the day of the alleged offense were detailed by Mr. Rutledge and by members of the police department.

The defendant's defense consisted of testimony by Roger Morris that he alone had broken into the storage building on Mr. Edison's property and stolen the items which *he* sold to Mr. Rutledge. He said that he had committed the larceny, had called Mr. Rutledge, and had sold Mr. Rutledge the chain saws and the drill, although the defendant was present at the time of the sale.

The only question presented by this appeal is whether under N.C.G.S. § 8C-1, Rule 404, evidence of the dealings between the defendant and Mr. Rutledge was properly admitted into evidence over the defendant's objection.

N.C.G.S. § 8C-1, Rule 404(b) (Supp. 1985) provides:

> *Other crimes, wrongs, or acts.* —Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

As mentioned in the commentary to the Rule and as we have noted in previous cases either construing Rule 404(b) or in applying the rule of *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954), the purposes for which evidence of other crimes, wrongs or acts is admissible is not limited to those enumerated either in the

Rule or in *McClain. State v. Young,* 317 N.C. 396, 412 n. 2, 346 S.E. 2d 626, 635 n. 2 (1986); *State v. Morgan,* 315 N.C. 626, 637 n. 2, 340 S.E. 2d 84, 91 n. 2 (1986). In fact, as a careful reading of Rule 404(b) clearly shows, evidence of other offenses is admissible so long as it is relevant to any fact or issue other than the character of the accused. 1 *Brandis on North Carolina Evidence* § 91 (1982).

The State contends that Rule 404(b) is totally inapplicable to the contested evidence in the case *sub judice* because the witness did not testify that the tools that he bought from the defendant on 29 October 1984 and over the previous eight-year period had been stolen. Thus, according to the State, the evidence was not evidence of other crimes or wrongs. However, we believe that Mr. Rutledge's testimony clearly implied that he had purchased stolen tools from the defendant. The evidence was that the purchases were made at a private residence, not at a place of business, and consisted of quantities of tools that it would be highly unusual for a person other than a merchant to possess for legitimate purposes. Further, the witness testified that he was stopped by the police while transporting the tools that he purchased from the defendant on 29 October 1984 and the police said they were "going to put about ten or twelve breaking and entering charges against [him]." (We note also that the defendant's witness, Roger Morris, stated that Mr. Rutledge was "a dealer in hot goods — stolen merchandise.") Therefore, the clear implication of the evidence was that on previous occasions the defendant had sold stolen property to Mr. Rutledge, and the evidence of the quantity of items and number of sales certainly suggested that the defendant knew they were stolen.

The question thus presented is whether the evidence of previous dealings between the witness and the defendant was relevant to some fact or issue other than the character of the defendant. We hold that it was and reverse the Court of Appeals.

The defendant's evidence tended to show that although the defendant was present in the trailer when the 4 November 1984 sale was made, he was a mere bystander as the sale was negotiated and completed by Roger Morris. Roger Morris testified that he made the phone call to Mr. Rutledge that caused Mr. Rutledge to come to the trailer where the sale was made. To explain why, when arrested, the defendant had half of the marked bills used by

Mr. Rutledge to purchase the chain saws, Mr. Morris said that he had paid the defendant for babysitting. The testimony of Roger Morris was in sharp conflict with the testimony of Mr. Rutledge regarding who called Mr. Rutledge and who negotiated the sale. Therefore, the evidence of prior dealings between Mr. Rutledge and the defendant was relevant to the question of Mr. Rutledge's certainty in identification of the defendant as the one with whom he dealt on 4 November and to establish a course of dealing between the two to enhance the witness's testimony that on the occasion in question he dealt with the defendant rather than with Roger Morris. As pointed out by Judge Arnold in his dissenting opinion, it also "tended to show that defendant was involved in a scheme or plan to steal tools and sell them to the informant Rutledge." 79 N.C. App. at 249, 339 S.E. 2d at 44; *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364. We therefore reverse the Court of Appeals.

Reversed.