STATE OF NORTH CAROLINA v. LOUIS EDWARD BOYD

No. 36A87

(Filed 3 February 1988)

1. **Criminal Law § 34.7— *other sex offense—admissible to show scheme or intent***

The trial court did not err in a prosecution of defendant for the first degree rape of his twelve-year-old stepdaughter by admitting testimony from defendant's wife concerning an incident with her eight-year-old female cousin where that incident had been the basis of a statement by the witness to a doctor that she thought defendant had had intercourse with her daughter and

where there were similarities with the incident for which defendant was charged. N.C.G.S. § 8C-1, Rule 404(b), N.C.G.S. § 8C-1, Rule 403.

**2. Criminal Law §§ 34.3 and 128.1— first degree rape—testimony of previous charge—mistrial denied—no abuse of discretion**

The trial court did not abuse its discretion in the prosecution of defendant for the first degree rape of his stepdaughter by denying his motion for a mistrial after defendant's wife testified that her husband had been brought to court before for rape. The trial court took prompt and sufficient corrective action by sustaining defendant's objection, allowing defendant's motion to strike, and instructing the jury not to consider the response; moreover, overwhelming evidence of defendant's guilt had already been admitted.

APPEAL by defendant pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life imprisonment, entered by *Allsbrook, J.,* at the 22 September 1986 Criminal Session of Superior Court, WASHINGTON County. Heard in the Supreme Court 9 December 1987.

*Lacy H. Thornburg, Attorney General, by Thomas G. Meacham, Jr., Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Mark D. Montgomery and Louis D. Bilionis, Assistant Appellate Defenders, for defendant-appellant.*

FRYE, Justice.

Defendant was indicted for first degree rape and for taking indecent liberties with a child. During the trial, the second count of the two-count bill of indictment was dismissed and the case was submitted to the jury solely on the first count charging first degree rape. The jury returned a verdict of guilty.

The State's evidence tended to show that on the evening of 18 November 1985, a week before the victim's thirteenth birthday, the victim was left alone at home with her half-brother, half-sister, and defendant, her stepfather. The victim's mother worked the midnight shift that night and left the children in the custody of defendant. On that evening, defendant entered the room of his stepdaughter, climbed into the top bunk of her bunk bed with her, inserted his finger into her vagina, and then proceeded to have sexual intercourse with her. The victim testified that this was not the first occasion that defendant had sexual contact with her and she recounted several prior episodes of sexual contact in-

cluding intercourse. Defendant was subsequently found guilty of first degree rape and sentenced to life imprisonment.

[1] Defendant assigns as error the admission of evidence concerning an earlier incident of alleged sexual misconduct and the failure of the trial court to grant a motion for mistrial after the jury heard that defendant had been accused of another rape. We, however, find no error.

Approximately four weeks after the 18 November 1985 incident, the child complained of vaginal irritation and was taken by her mother to see a doctor. She was subsequently diagnosed as having gonorrhea, trichomonas, and herpes. Eight months prior to the incident, defendant had been diagnosed as having herpes. Defendant's wife testified that she told the examining doctor, after hearing the diagnosis, that she thought defendant had had intercourse with her daughter, stating that "if it was anybody, it had to be my husband." She was then asked by the prosecutor why she had been of this opinion. Mrs. Boyd testified that she had found defendant asleep naked in her daughter's bottom bunk bed with her eight-year-old female cousin on one occasion. Defendant objected to this line of questioning and requested a *voir dire* examination. It was then established that the alleged incident involving the cousin took place sometime within twelve months of the rape of defendant's stepdaughter, in the stepdaughter's room, and while Mrs. Boyd was at work.

The trial judge overruled defendant's objection and admitted this evidence since it formed the foundation for Mrs. Boyd's belief that defendant had had intercourse with his stepdaughter and because the testimony was admissible under Rule 404(b) of the North Carolina Rules of Evidence.[1] The trial court was correct in its ruling.

Rule 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissi-

---

1. The trial judge also based his decision to admit the evidence on this Court's holding in *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954), which established the "other crimes" exception now codified in N.C.G.S. § 8C-1, Rule 404(b).

ble for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C.G.S. § 8C-1, Rule 404(b) (1986).

We have held in several recent cases that evidence of prior sex acts may have some relevance to the question of defendant's guilt of the crime charged if it tends to show a relevant state of mind such as intent, motive, plan, or opportunity. *See State v. Gordon*, 316 N.C. 497, 342 S.E. 2d 509 (1986); *State v. DeLeonardo*, 315 N.C. 762, 340 S.E. 2d 350 (1986); *State v. Arnold*, 314 N.C. 301, 333 S.E. 2d 34 (1985). Such evidence is deemed admissible and not violative of the general rule prohibiting character evidence. *See* N.C.G.S. § 8C-1, Rule 404(b) (1986); *State v. Weaver*, 318 N.C. 400, 348 S.E. 2d 791 (1986).

In *Weaver*, this Court held that "as a careful reading of Rule 404(b) clearly shows, evidence of other offenses is admissible so long as it is relevant to any fact or issue other than the character of the accused." *Weaver*, 318 N.C. at 403, 348 S.E. 2d at 793. Nevertheless, the ultimate test for determining whether such evidence is admissible is whether the incidents are sufficiently similar and not so remote in time as to be more probative than prejudicial under the balancing test of N.C.G.S. § 8C-1, Rule 403. *State v. Cotton*, 318 N.C. 663, 665, 351 S.E. 2d 277, 278-79 (1987).

Defendant challenges the applicability of the exception in Rule 404(b) arguing that the only "commonness" between the rape of his stepdaughter and his being caught in bed naked with his wife's young cousin is the fact that children were involved in both incidents. Defendant ignores other similarities between the two incidents.

The stepdaughter testified to no less than four acts of sexual assault upon her by her stepfather. On each occasion the stepfather took advantage of the young child when she was left in his custody while the mother was at work. On this occasion, defendant is accused of raping his stepdaughter in her bunk bed while her mother was working late at night. Mrs. Boyd's testimony tends to show that defendant similarly took advantage of her cousin when the child was left in his custody, while in his stepdaughter's bunk bed, and while Mrs. Boyd was working late at

night. This testimony concerning defendant's conduct with the young cousin then was not only relevant in explaining Mrs. Boyd's comment to the doctor but it also tended to demonstrate defendant's scheme or intent to take sexual advantage of young female relatives left in his custody while his wife was working.

We conclude that Mrs. Boyd's testimony concerning her husband's other act of misconduct with her minor cousin was admissible under the exception of Rule 404(b). Furthermore, we find no abuse of discretion by the trial court in failing to exclude this testimony under the balancing test of Rule 403 since the alleged incident was sufficiently similar to the act charged and not too remote in time. We are not unmindful of the danger of allowing Rule 404(b) exceptions to become so pervasive that they swallow the rule, a danger vigorously argued in defendant's brief. We, however, do not find that its application to the facts of this case encourages that danger.

[2] Finally, defendant argues that the trial court erred in denying his motions for mistrial. During Mrs. Boyd's testimony, the following exchange took place:

> Q. Was [sic] there any other incidents or any other reasons why you related to Dr. Brunson that you thought it might be your husband?
>
> A. Yes. My husband's been brought to Court before for rape.

At this time the defense attorney objected and his objection was sustained. He then moved to strike. The trial judge allowed his motion and admonished the jury not to consider the statement in any way. On the next day of trial, defendant moved for a mistrial. The trial judge denied the motion after hearing arguments because, in the court's opinion, Mrs. Boyd's response did not result in substantial and irreparable prejudice to defendant's case. This same motion was again made and denied after the jury returned its verdict.

N.C.G.S. § 15A-1061 provides:

> Upon motion of a defendant or with his concurrence the judge may declare a mistrial at any time during the trial. The judge must declare a mistrial upon the defendant's motion if there occurs during the trial an error or legal defect in the

proceedings, or conduct inside or outside the courtroom, resulting in substantial and irreparable prejudice to the defendant's case.

N.C.G.S. § 15A-1061 (1983). The decision whether to grant a motion for mistrial rests within the sound discretion of the trial judge and will not ordinarily be disturbed on appeal absent a showing of abuse of that discretion. *State v. Primes*, 314 N.C. 202, 333 S.E. 2d 278 (1985). The scope of appellate review, then, is limited to whether in denying the motions for a mistrial, there has been an abuse of judicial discretion. *State v. McCraw*, 300 N.C. 610, 268 S.E. 2d 173 (1980).

When Mrs. Boyd made her response that triggered the motion for mistrial, the jury had already heard the most damning testimony to defendant and that most critical to proving the State's case. It was not until after testimony of the incident itself heard from the mouth of the young victim, testimony of the transmission of venereal diseases, and testimony regarding an earlier act of misconduct involving a minor cousin, that this improper testimony was offered. The cumulative effect of this evidence was to demonstrate overwhelmingly defendant's guilt. Upon defendant's motion, the trial court took prompt and sufficient corrective action by sustaining defendant's objection, by allowing defendant's motion to strike and by instructing the jury not to consider Mrs. Boyd's response. Under these circumstances and in light of the strong evidence already properly admitted, the trial court correctly concluded that Mrs. Boyd's response did not result in substantial and irreparable prejudice to defendant. We, therefore, hold that the trial court did not abuse its discretion in denying defendant's motion for mistrial.

No error.