STATE OF NORTH CAROLINA v. CHARLIE JAMES JONES

No. 113A87

(Filed 30 June 1988)

**Criminal Law § 34.8 — rape and indecent liberties — prior sexual assaults against another — common plan or scheme — inadmissibility because of remoteness**

In a prosecution of defendant upon two counts of first degree rape and three counts of taking indecent liberties with his stepdaughter, the trial court erred in permitting a witness to testify for the purpose of showing a common plan or scheme that she was sexually assaulted by defendant on numerous occasions some seven to twelve years earlier in much the same manner as the prosecutrix since the prior acts were too remote in time to be admissible. N.C.G.S. § 8C-1, Rule 404(b) (1986).

APPEAL by defendant pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing concurrent life sentences upon his conviction of two counts of first degree rape, imposed by *Lewis, Jr. (John B.), J.*, at the 27 October 1986 Criminal Session of Superior Court, PITT County. Defendant was also convicted of three counts of taking indecent liberties with a child for which he received a sentence of five years for each offense, to run consecutively, but concurrently with the life sentences. Defendant's motion to bypass the Court of Appeals on the lesser offenses was allowed by the Supreme Court on 11 November 1987. Heard in the Supreme Court 9 May 1988.

*Lacy H. Thornburg, Attorney General, by Martha K. Walston, Associate Attorney General, for the State.*

*Lawrence D. Graham for defendant-appellant.*

FRYE, Justice.

We find one issue dispositive in this case. Defendant argues that the admission into evidence of past acts of sexual misconduct by defendant, though arguably similar to those of the case *sub judice*, was improper under the North Carolina Rules of Evidence because the prior acts were so remote in time that their probative effect was outweighed by the prejudice visited upon him. We agree and accordingly order a new trial.

An exhaustive recitation of the circumstances surrounding this appeal is unnecessary to its disposition. In short, defendant was indicted and convicted of two counts of first degree rape and three counts of taking indecent liberties with a child. The State's evidence tended to show that the crimes occurred over a period of time commencing December, 1982 through October, 1985. The victim in each of the assaults was defendant's stepdaughter who was twelve years old when the assaultive episodes began. The evidence tended to show that defendant assaulted the child while she was left in his custody and while the child's mother was out of the home working. At times, the sexual assaults were perpetrated by the defendant after threatening the young victim with a gun.

During the State's presentation of evidence, Ms. Verona Ellis testified, over the objection of defendant, that she was sexually assaulted by defendant on numerous occasions some seven years before in much the same manner as the victim in the case *sub judice*. Subsequent *voir dire* examination disclosed that the alleged prior offenses began in 1970, when Ellis was eleven years old and living with her adult sister. Defendant apparently lived in the same household. Ellis further testified that at age fourteen she bore defendant's child.

Based upon this evidence the trial court made the following findings of fact:

1. That the State has introduced evidence tending to show that the defendant, Charlie James Jones, was living in the

same home as [the victim] during the relevant periods . . . .
That the defendant during previous periods lived in the home
with Verona Ellis.

2. That while the defendant was living in the home with [the
victim] she was 12, 13 and 14-years-old. While he lived in the
home with Verona Ellis she was 11, 12, and 13-years-old.

3. That in both homes the defendant was an adult male in a
position of authority when the girls . . . were 11, 12, and 13.

4. That the defendant had vaginal intercourse with both [the
victim] and Verona Ellis in the afternoons and at night.

5. That in both instances the defendant was throughout
those periods having normal sexual relations with adult
women — during the episode with [the victim], with his wife,
Brenda; and during the episode with Verona Ellis, with her
sister . . . .

6. That in both cases the defendant used hand guns to
physically threaten the girls to force submission to his sexual
advances.

The trial court concluded "that the evidence of sexual rela-
tions with Verona Ellis tended to establish a state of mind or in-
tent, a common scheme or plan, [and] a desire on the part of the
defendant for vaginal intercourse with young girls and an un-
natural lust on his part." The trial judge therefore found the
evidence admissible. His decision apparently was premised upon
Rule 404(b) of the North Carolina Rules of Evidence. The trial
judge made no findings concerning the seven year lapse of time
between the prior assault against Ms. Ellis and the assault on the
victim.

Defendant argues that the testimony of Verona Ellis concern-
ing prior sexual assaults upon her by defendant was improperly
admitted by the trial judge because the prior episode occurred
some seven years before the assault for which defendant is now
charged. Because of this lapse in time, defendant contends that
the prior acts are so remote in time that the probative nature of
the evidence is outweighed by its likely prejudicial effect. We find
this contention meritorious.

Rule 404(b) provides:

(b) Other crimes, wrongs, or acts—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show he acted in conformity therewith. It may however be admissible for other purposes such as: proof of motive, opportunity, intent, preparation, identity or absence of mistake, entrapment or accident.

N.C.G.S. § 8C-1, Rule 404(b) (1986).

Accordingly, this Court has held that evidence of prior sex acts may have some relevance to the question of a defendant's guilt of the crime charged if it tends to show a relevant state of mind such as intent, motive, plan, or opportunity. *See State v. Boyd,* 321 N.C. 574, 364 S.E. 2d 118 (1988); *State v. Gordon,* 316 N.C. 497, 342 S.E. 2d 509 (1986); *State v. DeLeonardo,* 315 N.C. 762, 340 S.E. 2d 350 (1986). Such evidence is not offensive to the general prohibition against character evidence because it is admitted not to prove defendant acted in conformity with conduct on another occasion but rather as circumstantial proof of defendant's state of mind. *See State v. Weaver,* 318 N.C. 400, 348 S.E. 2d 791 (1986). Indeed, in interpreting Rule 404(b), we have stated that "evidence of other offenses is admissible so long as it is relevant to any fact or issue other than the character of the accused." *Id.* at 403, 348 S.E. 2d at 793, *quoting* 1 Brandis on North Carolina Evidence § 91 (1982).

The trial judge concluded that the Ellis testimony was admissible to show a "common plan or scheme." *See State v. Mc-Clain,* 240 N.C. 171, 81 S.E. 2d 364 (1954); N.C.G.S. § 8C-1, Rule 404(b) (1986). This exception to the general rule rests on the proposition that there may be some logical connection between two acts from which it can be said that proof of the one tends to establish the other. *State v. McClain,* 240 N.C. 171, 81 S.E. 2d 364. Nonetheless, the admissibility of evidence of a prior crime must be closely scrutinized since this type of evidence may put before the jury crimes or bad acts allegedly committed by the defendant for which he has neither been indicted nor convicted.

In assessing this particular type of evidence, this Court has noted:

> [p]roof that a defendant has been guilty of another crime equally heinous prompts to a ready acceptance of and belief in the prosecution's theory that he is guilty of the crime charged. Its effect is to predispose the mind of the juror to believe the prisoner is guilty, and thus effectually to strip him of the presumption of innocence.

*Id.* at 174, 81 S.E. 2d at 366. Moreover, evidence of other crimes may distract the fact finders and confuse their consideration of the issues at trial. *Id.* With these considerations bearing great weight, this Court has required that evidence of prior bad acts, admitted to show a common plan under Rule 404(b), be "sufficiently similar and not so remote in time" before they can be admitted against a defendant. *State v. Boyd*, 321 N.C. at 577, 364 S.E. 2d at 119.

The State's own evidence tended to show that the alleged assaults against Ellis occurred between the years 1970 and 1975. The crimes for which defendant was indicted occurred between the years 1982 and 1985. Thus, there was a twelve-year lapse of time between the start of the alleged assaultive conduct against Ellis by defendant and the start of assaultive behavior against the victim in this case. Furthermore, the time differential between the commencement of the assault against the prosecutrix was seven years after the last of the alleged assaultive episodes against Verona Ellis. Such an extreme time lapse raises serious concerns about the probative nature of such evidence.

In *State v. Shane*, 304 N.C. 643, 285 S.E. 2d 813 (1982), this Court held it was error for the trial court to permit a witness to testify to evidence of prior crimes committed by the defendant because the period of time separating the crimes, a period of seven months, lessened the probative force of that evidence.[1] The Court in *Shane* stated that "it is evident that the period of time elapsing between the separate sexual events plays an important part in the balancing process, especially when the State offers the evidence of like misconduct to show the existence of a common

---

1. This Court held the passage of time sufficient for preclusion when viewed against other dissimilarities between the criminal act charged and the prior act. *Cf. State v. Boyd*, 321 N.C. 574, 364 S.E. 2d 118 (prior sexual acts occurring within a twelve-month period found not to be too remote where the crime charged showed striking similarities with the prior crime).

plan or design for defendant's perpetration of this sort of crime." *Id.* at 654, 285 S.E. 2d at 820.

Similarly, the time period between the alleged prior acts of defendant and the acts upon which this appeal is based is of such a span that any similarity between the two acts is severely attenuated. The period of seven years "substantially negate[s] the plausibility of the existence of an ongoing and continuous plan to engage persistently in such deviant activities." *Id.* at 656, 285 S.E. 2d at 821. As such, the reasoning that gave birth to Rule 404(b) exceptions is lost. *See State v. Scott*, 318 N.C. 237, 347 S.E. 2d 414 (1986) (nine-year period held to be too remote to be probative or relevant).

Evidence of other crimes must be connected by point of time and circumstance. Through this commonality, proof of one act may reasonably prove a second. However, the passage of time between the commission of the two acts slowly erodes the commonality between them. The probability of an ongoing plan or scheme then becomes tenuous. Admission of other crimes at that point allows the jury to convict defendant because of the kind of person he is, rather than because the evidence discloses, beyond a reasonable doubt, that he committed the offense charged.

The State argues that remoteness of time should go to the weight and credibility to be given this type of evidence and not to its admissibility. The State directs this Court to *Cooper v. State*, 173 Ga. App. 254, 325 S.E. 2d 877 (1985), where a Georgia court held that the lapse of time between prior occurrences and the offenses charged goes only to the weight and credibility of such testimony and would not prevent its admissibility. Our cases, however, are to the contrary, and we support their reasoned conclusion that the passage of time must play an integral part in the balancing process to determine admissibility of such evidence. *See State v. Boyd*, 321 N.C. 574, 364 S.E. 2d 118; *State v. Cotton*, 318 N.C. 663, 351 S.E. 2d 277 (1987); *State v. Weaver*, 318 N.C. 400, 348 S.E. 2d 791 (1986).

It seems incongruous that such testimony should be allowed into evidence when its probative impact has been so attenuated by time that it has become little more than character evidence illustrating the predisposition of the accused. Such is proscribed by Rules 403 and 404 of our rules of evidence. We think that a proc-

ess that allows for the passage of time to be weighed in a court's initial decision to admit such evidence is the better reasoned approach and one that ensures that an accused is tried only for the acts for which he has been indicted. We therefore decline to follow *Cooper v. State*, 173 Ga. App. 254, 325 S.E. 2d 877.

We hold that the admission of the testimony relating to the alleged assaultive conduct against Verona Ellis was prejudicial to the defendant's fundamental right to a fair trial on the charges for which he was indicted because the prior acts were too remote in time. Accordingly, defendant is entitled to a

New trial.