STATE OF NORTH CAROLINA v. CALVIN SUMMERS

No. 8826SC177

(Filed 30 December 1988)

1. **Rape and Allied Offenses § 5— first degree rape—11-year-old victim's testimony not scientifically accurate—sufficiency of evidence**

The trial court did not err in denying defendant's motion to dismiss the charge of first degree rape, though the victim's testimony was not scientifically accurate, where the evidence tended to show that the 11-year-old victim was asleep in her own bed when defendant came into her room and took off her panties; the victim told defendant to go into his own room, but defendant instead put his "private" in her "private" between her legs; a doctor testified that his examination revealed that her hymen was not intact, and a hymen does not remain intact during sexual intercourse; the doctor further testified that from his conversations with the victim, he determined to his "own satisfaction" that a penis had penetrated her vagina; and an officer testified the vic-

tim stated to him that defendant "got on top of me and put his 'thing' inside of me."

**2. Criminal Law § 162— motion in limine to suppress testimony—requiring objections at trial—no abuse of discretion**

The trial court in a rape case did not abuse its discretion in requiring defendant to object to the examining physician's testimony as it occurred at trial rather than ruling on defendant's motion in limine to exclude certain statements allegedly made by the victim during her examination where defendant failed to object to the court's ruling, and defendant failed to show how he was prejudiced by the questioning procedure utilized by the trial court.

**3. Criminal Law § 73.2— first degree rape—victim's statement to doctor for purpose of diagnosis and treatment—doctor's testimony admissible**

The trial court in a first degree rape case did not err in allowing a doctor to testify concerning the victim's statements to him since the statements were made for the purpose of diagnosis and treatment and were therefore permitted as an exception to the general hearsay rule. N.C.G.S. § 8C-1, Rule 803(4).

**4. Rape and Allied Offenses § 4.1— first degree rape—evidence of similar incidents—admissibility**

The trial court in a first degree rape case did not err in allowing evidence of similar incidents committed against the victim by defendant where the challenged testimony tended to establish a plan or scheme by defendant to sexually abuse the victim when her mother went to work, and proof of the incidents, which allegedly occurred within twelve months prior to the incident for which defendant was charged, was not so remote in time as to outweigh its probative force. N.C.G.S. § 8C-1, Rule 404(b).

APPEAL by defendant from *Burroughs (Robert M.), Judge.* Judgment entered 23 September 1987 in Superior Court, MECK-LENBURG County. Heard in the Court of Appeals 27 September 1988.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Jane Rankin Thompson, for the State.*

*Grant Smithson for defendant-appellant.*

GREENE, Judge.

Defendant was convicted of first-degree rape under Section 14-27.2(a)(1) and of taking indecent liberties with children under Section 14-202.1. N.C.G.S. Sec. 14-27.2(a)(1) (1986); N.C.G.S. Sec. 14-202.1 (1986). The trial court arrested the indecent liberties verdict and sentenced defendant to life imprisonment. Defendant appeals.

The State's evidence tended to show that the eleven-year old victim lived with her mother and defendant. On or about 1 December 1986, defendant entered the victim's bedroom after her mother left for work, removed the victim's panties, got on top of her and put his "private" inside her "private." The next day, the victim told her mother what had happened and the mother took her to a hospital where a physical examination by Dr. Nadel revealed the victim's hymen was not intact. The examining physician further testified that the victim stated that defendant had put his penis inside her and touched her between her legs and on her breasts. An investigating officer testified the victim stated to him that the defendant had gotten into her bed, fondled her breasts and legs and put his "thing" inside her.

Defendant's own testimony and other evidence tended to show that he had lived with the victim's mother for approximately eight years and on the evening in question the victim had asked him to put some salve on her leg rash. He stated he had never fondled her or had sexual intercourse with her.

The dispositive issues presented are: I) whether the trial court erroneously denied defendant's motion to dismiss the charge of first-degree rape; II) whether the trial court erroneously required defendant to object to the examining physician's testimony as it occurred rather than grant defendant's motion in limine to exclude certain statements allegedly made by the victim during her physical examination; and III) whether evidence of defendant's prior sexual contact with the victim was properly admitted.

I

[1] Defendant first argues the trial court erroneously denied his motion to dismiss the first-degree rape charge for lack of substantial evidence. Upon a motion to dismiss, the court determines as a matter of law whether there is substantial evidence of each essential element of the charged offense and whether the defendant is the perpetrator of the offense. State v. Bruce, 315 N.C. 273, 281, 337 S.E. 2d 510, 515 (1985). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Scott, 323 N.C. 350, 372 S.E. 2d 572,

575 (1988). In determining whether there is substantial evidence of each element, the court is required to consider *all* of the evidence — whether competent or incompetent — in the light most favorable to the State and allow the State all reasonable inferences that may be drawn from all the evidence so considered. *Id.; State v. McMilliam,* 243 N.C. 771, 774, 92 S.E. 2d 202, 205 (1956) (appellate court considers even evidence determined on appeal to have been erroneously admitted).

An essential element of rape under Section 14.272(a)(1) is vaginal intercourse which is defined as "the *slightest* penetration of the female sex organ by the male sex organ." *State v. Brown,* 312 N.C. 237, 244-45, 321 S.E. 2d 856, 861 (1984) (emphasis in original); Section 14-27.2(a)(1) (requiring vaginal intercourse). Defendant disputes whether the State presented substantial evidence at trial to permit the conclusion that defendant had vaginal intercourse with the victim. Defendant specifically notes that at no time during the victim's testimony did she use the words "penis" or "vagina," nor was the victim asked to point to her anatomy nor asked to use anatomical dolls to describe what happened. However, the law "does not disqualify a little girl, alleged to have been the victim of a sexual assault, to testify as a witness concerning the acts of the defendant, or belittle the significance of her testimony, merely because she does not identify with scientific accuracy the portions of her anatomy and that of the defendant involved in the assault. . . ." *State v. Shaw,* 293 N.C. 616, 622, 239 S.E. 2d 439, 443 (1977).

Viewed most favorably to the State, the evidence tends to show that the eleven-year-old victim was asleep in her own bed on 1 December 1986 when defendant came into her room and took off her panties. The victim told the defendant to go into his own room but the defendant instead put his "private" in her "private" between her legs. Doctor Nadel testified his examination revealed a hymen that was not intact and that a hymen does not remain intact during sexual intercourse. Doctor Nadel further testified that from his conversations with the victim he determined to his "own satisfaction" that a penis had penetrated her vagina. Officer Bohn testified the victim stated to him that defendant "got on top of me and put his 'thing' inside of me."

Although the victim's own testimony was perhaps scientifically inaccurate and somewhat ambiguous, it was corroborated

by the testimony of numerous other witnesses. Therefore, the victim's arguably imprecise testimony at worst raises a question for the jury as to her meaning and credibility. *See Shaw*, 293 N.C. at 623, 239 S.E. 2d at 413. However, the testimony of the victim, Dr. Nadel and Officer Bohn was clearly such that reasonable minds could accept the conclusion beyond a reasonable doubt that defendant's penis penetrated the victim's vagina. *Cf. State v. Hicks*, 319 N.C. 84, 86, 352 S.E. 2d 424, 425 (1987) (substantial evidence for rape charge where victim testified defendant put his "privacy" into. her "privacy"). Therefore, the trial court did not err in denying the defendant's motion to dismiss the charge of first-degree rape.

## II

**[2]** Defendant next challenges Dr. Nadel's testimony in two ways. First, defendant claims the trial court erroneously failed to rule on his motion *in limine* to bar any testimony by Dr. Nadel that the victim had stated she had been raped by defendant several times during the preceding month and that, during the 1 December 1986 episode, defendant "began touching her genitalia [and] about the breasts, pulled down her panties and entered her vaginally while he lay on top of her." In his motion *in limine*, defendant contended these statements were inadmissible hearsay which were not the victim's statements but were merely Dr. Nadel's interpretation of what the victim told him during the physical examination. However, after Dr. Nadel's voir dire, the trial court stated it would allow Dr. Nadel to testify and would simply rule on defendant's specific objections as Dr. Nadel testified. When informed of this decision, defendant's counsel replied, "Fine," and never objected to the trial court's procedure for questioning Dr. Nadel. Absent any objection, defendant may not challenge the court's action on appeal. N.C.R. App. 10(b)(1). We in any event note defendant has failed to show how he was prejudiced by the questioning procedure utilized by the trial court. Under these circumstances, defendant has failed to show the trial judge abused his discretion in requiring defendant to object to Dr. Nadel's testimony at trial. *See State v. Ruof*, 296 N.C. 623, 628, 252 S.E. 2d 720, 724 (1979). Furthermore, the trial court's action under these circumstances was not "plain error" as alleged by defendant. *State v. Black*, 308 N.C. 736, 741, 303 S.E. 2d 804,

806-07 (1983) (applying "plain error" review to failure to object under Rule 10(b)(1) ).

[3]   Second, defendant challenges the trial court's admission over defendant's objection of certain other hearsay testimony by Dr. Nadel. Specifically, Dr. Nadel testified he asked the victim if "anything" was put inside her and the victim responded, "Yes." This conversation between Dr. Nadel and the victim arose during Dr. Nadel's physical examination of the victim in the emergency room of Charlotte Memorial Hospital the day after the alleged rape. The victim had been taken to the emergency room for diagnosis and treatment by her mother who suspected rape. We conclude from these facts that the victim's statements to Dr. Nadel were made for the purposes of diagnosis and treatment and were reasonably pertinent to Dr. Nadel's diagnosis and treatment. The question and answer were therefore permitted as an exception to the general hearsay rule. N.C.G.S. Sec. 8C-1, Rule 803(4) (1986); *State v. Aguallo*, 318 N.C. 590, 596-97, 350 S.E. 2d 76, 81 (1986).

We note in passing that defendant also challenges Dr. Nadel's testimony that he determined to his "own satisfaction" that a penis had penetrated the victim's vagina despite the fact he could not recall the exact words used by the victim. Irrespective of any hearsay exceptions, defendant argues that Dr. Nadel should have been confined to restating the precise words used by the victim and was precluded from making his own inferences from the victim's words. However, we need not address this argument since defendant did not object at trial to Dr. Nadel's testimony in this respect and therefore waived any right to challenge that testimony on appeal. N.C.R. App. P. 10(b)(1). Nor has defendant demonstrated the trial court's error, if any, was so fundamental as to justify our "plain error" review. *Black*, 308 N.C. at 741, 303 S.E. 2d at 807. We again note there was ample other evidence before the trial court to support the jury's verdict.

### III

[4]   Defendant finally raises numerous assignments of error arising from the testimony of the victim, Dr. Nadel and Officer Bohn indicating defendant had sexual contact with the victim prior to the incident for which he was charged. Defendant thus claims not only that the court erroneously admitted such evidence, but also

that the court should have severed the trial of the rape and indecent liberties charges and claims defense counsel's failure or inability to accomplish these ends constituted ineffective assistance of counsel. However, as we reject the premise that evidence of these prior sexual contacts was inadmissible, we reject these assignments of error.

The victim testified in part as follows:

Q. Okay. What did you finally tell your moma about what had happened?

A. I told her that [the defendant] come in my room nights and say he was going to put me asleep and then he'll climb in my bed and start feeling all over me and then took off my — take off my panties and then stick his private in me.

Q. Okay. Had this happened before?

. . . .

A. It happened about, I guess ten times in the total of a year.

The victim's testimony was corroborated by the testimony of Dr. Nadel and Officer Bohn that the victim made similar statements to them.

While Rule 404(a) of our rules of evidence states that evidence of a person's character is not admissible to prove he acted in conformity therewith on a particular occasion, Rule 404(b) states:

*Other crimes, wrongs or acts.* —Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C.G.S. Sec. 8C-1, Rule 404(a), (b) (1986). "Our courts have been very liberal in admitting evidence of similar sex crimes in construing the exception to the general rule" excluding character evidence as set forth in 404(a). *State v. Williams*, 303 N.C. 507, 513, 279 S.E. 2d 592, 596 (1981). However, to be admitted under

Rule 404(b), the evidence must not only be of a similar sexual contact, but must also not be so remote in time as to be more prejudicial than probative under the balancing test of Rule 403. *State v. Boyd*, 321 N.C. 574, 577, 364 S.E. 2d 118, 119 (1988).

The challenged testimony by the victim, Dr. Nadel and Officer Bohn tends to establish a plan or scheme by defendant to sexually abuse the victim when the victim's mother went to work; furthermore, as the alleged prior incidents occurred within twelve months prior to the incident for which defendant was charged, proof of the incidents was not so remote in time as to outweigh its probative force. *See Boyd*, 321 N.C. at 577-78, 364 S.E. 2d at 120; *cf. State v. Jones*, 322 N.C. 585, 369 S.E. 2d 822 (1988) (excluding proof of seven-to-twelve-year-old incidents). We thus hold the trial court did not err in allowing evidence of these prior incidents.

Defendant sets forth other assignments of error, several of which fail to state their basis or ground as required under Rule 10(c) of our appellate rules. Nevertheless, we have reviewed those assignments of error pursuant to Appellate Rule 2 and find them either moot or meritless in light of our earlier discussion.

No error.

Judges ORR and SMITH concur.