STATE OF NORTH CAROLINA v. RANDY EARL ROBERSON

No. 882SC629

(Filed 21 February 1989)

**Criminal Law § 34.7; Rape and Allied Offenses § 19 — taking in-decent liberties with minor — evidence of prior offenses — admissibility**

> In a prosecution of defendant for first degree burglary and taking indecent liberties with a minor where the evidence tended to show that defendant entered the home of the victim at night while she was sleeping, placed his hand under her skirt, rubbed her vaginal area, and left when she awoke, the trial court did not err in admitting testimony that defendant had touched another young girl in a similar manner five years before and had touched his own daughter in a similar manner during the year prior to trial. N.C.G.S. § 8C-1, Rules 403 and 404(b).

APPEAL by defendant from *Griffin (William C., Jr.), Judge.* Judgment entered 26 February 1988 in Superior Court, MARTIN County. Heard in the Court of Appeals 24 January 1989.

Defendant was found guilty by a jury of first degree burglary and of taking indecent liberties with a minor. He was sentenced to consecutive prison terms of twenty-five years and ten years. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General James C. Gulick, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Teresa A. McHugh, for defendant-appellant.*

LEWIS, Judge.

Defendant assigns error to the admission of testimony of two witnesses that they were touched by defendant in ways similar to the victim in this case. He also assigns error to the admission of testimony tending to corroborate the testimony of these witnesses. We have reviewed the challenged testimony and find no error in the trial court admitting the evidence.

The 12-year-old female victim testified for the State that on 9 September 1987 after 11 p.m. she was asleep on the couch in

her living room and was awakened by defendant standing beside her with his hand underneath her skirt, rubbing her vaginal area. When she woke up, defendant removed his hand, put his finger to his lips and said "shh," and went out the door. Defendant testified in his own behalf and admitted knocking on the front door of the victim's house because he wanted to use the telephone. Defendant denied entering the house or touching the victim. At that time, defendant was 28 years of age.

The State presented the testimony of Melissa Brinson that in December 1982 when she was 11 years old she was at defendant's house playing with his wife's daughter, Susie. Melissa entered a screened-in porch and defendant started tickling her and then "grabbed between [her] legs." William Thomas came onto the porch and told defendant to leave her alone. A few days later, Melissa spent the night with Susie. While she was asleep, defendant got on the bed, held Melissa's arms and tried to kiss her. At trial, William Thomas testified to the events on the porch and Melissa's mother testified that Melissa told her of both incidents a few months later.

Defendant's daughter, Crystal Roberson, also testified for the State. Her testimony indicated that defendant touched her vaginal area when she was six years old. She turned seven in the two weeks before the trial. A deputy sheriff testified that Crystal told him that defendant had put his hand between her legs and kissed her with his tongue in her mouth.

Defendant objected to the testimony of Melissa Brinson. He did not object to the testimony of William Thomas, Melissa's mother, Crystal Roberson or the deputy sheriff. App. R. 10(b) requires that an exception be preserved at trial by objection. However, we choose to address defendant's contentions in exercise of our discretion as the same issues are raised by Melissa Brinson's testimony. App. R. 2. Defendant assigns error to all the testimony contending the court erroneously allowed the State to introduce evidence of alleged prior acts of misconduct.

Defendant contends the challenged testimony is inadmissible under both G.S. 8C-1, Rule 404(b) and G.S. 8C-1, Rule 403. G.S. 8C-1, Rule 404(b) provides that evidence of other wrongs or acts is not admissible to prove a person's character but may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." Rule 403 allows the trial court to exclude relevant evidence

STATE v. ROBERSON

[93 N.C. App. 83 (1989)]

"if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Defendant contends the evidence of prior acts was inadmissible under Rule 404(b) because the prior acts were both remote in time and dissimilar to the act charged in the indictment. Defendant further contends that even if this court finds the evidence admissible under Rule 404(b) it should have been excluded under the balancing test of Rule 403 as it caused confusion and was prejudicial.

Our Supreme Court has held "that evidence of prior sex acts may have some relevance to the question of defendant's guilt of the crime charged if it tends to show a relevant state of mind such as intent, motive, plan, or opportunity." *State v. Boyd*, 321 N.C. 574, 577, 364 S.E. 2d 118, 119 (1988). However, "the ultimate test for determining whether such evidence is admissible is whether the incidents are sufficiently similar and not so remote in time as to be more probative than prejudicial under the balancing test of . . . Rule 403." *Id.* at 577, 364 S.E. 2d at 119. The period of time between the prior sexual acts and the acts charged is an important part of the balancing process. *State v. Shane*, 304 N.C. 643, 285 S.E. 2d 813 (1982). "[T]he passage of time between the commission of the . . . acts slowly erodes the commonality between them." *State v. Jones*, 322 N.C. 585, 590, 369 S.E. 2d 822, 824 (1988).

In this case, the lapse of nearly five years between the events involving Melissa and those involving the victim does not diminish the similarities between the acts. Melissa testified that defendant "grabbed between [her] legs" and the victim testified that defendant rubbed her vaginal area. Both Melissa and the victim, young girls at the time of the incidents, knew defendant before the incidents. The intervening years do not dilute the similarities especially when considered in light of Crystal's testimony that defendant had touched her in the same way during the year before the trial. "This Court has been quite 'liberal in admitting evidence of similar sex crimes' under the common plan or scheme exception." *State v. Gordon*, 316 N.C. 497, 504, 342 S.E. 2d 509, 513 (1986). Therefore, we hold that the testimony of Melissa and Crystal and the corroborating evidence was admissible under Rule 404(b) and Rule 403.

Even if the trial court had erred in admitting the challenged testimony, defendant was not prejudiced by its admission. The evidence showed that defendant was in the area and his footprints were found in the yard. Moreover, the evidence showed the victim initially identified defendant by name as the intruder before law

IN RE FORECLOSURE OF BROOKS

[93 N.C. App. 86 (1989)]

enforcement officers apprehended him or asked the victim to identify him. At trial, the victim testified without hesitation that defendant committed the acts charged. The jury had before it strong and sufficient evidence to find defendant guilty of the crimes charged even without the evidence of prior acts.

No error.

Judges EAGLES and PARKER concur.