STATE v. HARRIS

[111 N.C. App. 445 (1993)]

Vacated.

Judges EAGLES and LEWIS concur.

---

STATE OF NORTH CAROLINA v. GLENN THOMAS HARRIS, Defendant

No. 9226SC503

(Filed 3 August 1993)

1. **Evidence and Witnesses § 374 (NCI4th)— sexual offense charged—evidence of prior sexual act admissible—time frame established by evidence**

    Testimony concerning an uncharged prior sexual act between defendant and the victim was properly allowed into evidence to show intent and plan or scheme where evidence established that the prior act happened within one year of the charged offenses.

    **Am Jur 2d, Rape § 84.**

2. **Rape and Allied Offenses § 5 (NCI3d)— sexual assault—evidence of two offenses—dismissal of indictments charging second offense not required**

    There was no merit to defendant's contention that the evidence showed that there was only one sexual assault and that indictments charging a second offense should be dismissed, since there was sufficient evidence, including the testimony of the victim, an expert in weather observation, and other witnesses to whom the victim had talked, of the existence of two sexual assaults, and dismissal of the charges was not warranted even though the victim at one point apparently contradicted himself and indicated that there was only one incident.

    **Am Jur 2d, Rape §§ 88 et seq.**

Appeal by defendant from judgment entered 4 December 1991 by Judge Forrest A. Ferrell in Mecklenburg County Superior Court. Heard in the Court of Appeals 26 April 1993.

Defendant was tried on two charges of first degree sexual offense and two charges of taking indecent liberties with a child. The events resulting in these convictions occurred on 15 June 1990 and 16 June 1990 while defendant and the victim were living at the victim's great-grandmother's house.

The victim testified generally that on one occasion defendant and the victim were alone in the living room, and defendant told the victim to get some vaseline from the bathroom. When the victim returned to the living room, defendant lowered the victim's pants and put some vaseline on his "bottom." Defendant then lowered his own pants, put some vaseline on his "private," and told the victim to get on the couch. At that point, defendant "put his private part" in the victim's "bottom." The victim described a similar incident which occurred on the day of his birthday party.

Defendant was convicted on all charges and sentenced. From this judgment defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Philip A. Telfer, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Allen W. Boyer, for defendant appellant.*

ARNOLD, Chief Judge.

[1] Defendant first argues that testimony concerning an uncharged prior sexual act between defendant and the victim was improperly allowed into evidence. Defendant concedes that evidence of this type is commonly allowed under N.C.R. Evid. 404(b), but he contends that because there was no time frame established for the prior act, it was inadmissible. We disagree that no time frame was established for the prior act.

The charged offenses occurred on 15 June 1990 and 16 June 1990. The victim lived with his great-grandmother for approximately one year before those June 1990 incidents, and he moved from the great-grandmother's within a few days after he reported the incidents on 16 June 1990. The victim testified that the prior act in question occurred while he was living with his great-grandmother. The evidence thereby established that the prior act happened within one year of the charged offenses.

We note that the judge had some indication of a time frame for the prior act before he ruled on its admissibility, but he did not know exactly how long the victim lived with his great-grandmother until after the ruling. Any possible error committed by the judge in allowing this evidence without a more precise time frame was harmless, however, in light of the subsequent testimony which established a time frame for the prior act.

The passage of as much as one year between the prior act and the charged offenses did not make the prior act impermissibly remote. *See State v. Faircloth*, 99 N.C. App. 685, 394 S.E.2d 198 (1990) (twenty eight months between charged offense and prior act not too remote); *State v. Roberson*, 93 N.C. App. 83, 376 S.E.2d 486 (nearly five years between charged offense and prior act not too remote), *disc. review denied*, 324 N.C. 435, 379 S.E.2d 247 (1989). In addition, the prior act was factually similar to the charged offenses in that it involved defendant lowering the victim's pants and "putting his private" in the victim's "bottom." Evidence of the prior act was, therefore, properly allowed under Rule 404(b) to establish intent or a plan or scheme. *Roberson*, 93 N.C. App. at 85, 376 S.E.2d at 487.

[2] Defendant also argues that the court erred by not dismissing the charges in 90 CRS 94959 and 94960 because the evidence did not support those charges. We disagree.

The indictments in 94959 and 94960 charged that defendant sexually assaulted the victim on 15 June 1990. Defendant contends the evidence showed that there was only one sexual assault and that it occurred on 16 June 1990. Our review of the record, however, reveals that sufficient evidence existed of sexual assaults occurring on both days. The victim initially testified to one occasion when defendant sexually assaulted him in the victim's great-grandmother's living room. When asked if he remembered anything special about that day, the victim replied that it was raining. The State called an expert in weather observation who testified that the only significant rainfall in June 1990 was on the 15th. He also testified that the next rainfall was on 18 June 1990.

Subsequently, the victim described a similar incident in his great-grandmother's living room that happened on the day of his birthday party, which was 16 June 1990. There was no rainfall on 16 June 1990. The victim's description of events which he said occurred on a rainy day together with the weather observer's

testimony sufficiently distinguished the victim's first account of events from the events which occurred on 16 June 1990. Furthermore, the victim was corroborated by several witnesses who testified that the victim told them about two distinct events occurring on different days. This evidence was sufficient to overcome defendant's motion to dismiss.

Although during his testimony the victim apparently contradicted himself and indicated that there was only one incident in the great-grandmother's living room, dismissal of the charges was not warranted. "[C]ontradictions and discrepancies are for the jury to resolve and do not warrant dismissal." *State v. Smith*, 307 N.C. 516, 520, 299 S.E.2d 431, 435 (1983). *See also State v. Hinton*, 95 N.C. App. 683, 383 S.E.2d 704 (1989) (question raised by minor witness's conflicting testimony as to whether there had been a rape or only an attempted rape was properly given to the jury to resolve), *disc. review denied*, 326 N.C. 266, 389 S.E.2d 117 (1990). For these reasons, we hold that the court properly denied defendant's motion to dismiss the charges in 94959 and 94960.

No error.

Judges COZORT and LEWIS concur.