MARTIN, Chief Judge.
Defendant was charged with second degree sexual offense, second degree rape, and taking indecent liberties with a child. He appeals from judgments imposing active sentences entered upon jury verdicts finding him guilty of each of those offenses.
At trial the State presented evidence which tended to show that defendant lived with his brother, Frank Crisostomo, at the time of the alleged acts giving rise to the charges. After Frank Crisostomo separated from his wife, his daughters, B.C., age sixteen, J.C., age fifteen, and M.C., age eleven, frequently stayed at their father's home. During the last week of August 2000, while her father was at work, B.C. was asleep in her father's room whendefendant climbed into bed with her and began caressing her chest. When B.C. pushed his hand away, he put his hand down her shorts and caressed her vaginal area. He then pulled off her shorts and began having oral sex with her. She tried to keep her legs together but he would pry them open. After she beat his head with her hands, he stopped, apologized and left the room.
B.C. testified that two days later, on 2 September 2000, she and M.C. stayed with their father. Since her father was at work, B.C. went into his room to sleep after M.C. pushed her off the sofa bed. Defendant went into the room, climbed into bed beside B.C. and began rubbing her chest and vagina. He "yanked" her shorts off, held her hands down over her head "in a cross," and had intercourse with her. When she was able to free one hand, B.C. tried to push him off and told him three times to get off of her. When defendant finished he said, "Don't tell anyone," and left the room.
M.C. testified that in July 2000 she was on the floor asleep beside her two young nieces in her father's home when defendant moved down to the floor beside her. He began rubbing her vaginal area in a circular manner and inserted his finger into her vagina. M.C. pretended to be asleep during this incident which lasted about five to ten minutes.
Defendant offered no evidence at trial.
I.
Defendant first argues the trial court erred by admittingevidence of defendant's prior sexually related conduct in violation of N.C. Gen. Stat. § 8C-1, Rule 404(b). Defendant specifically argues that it was error for the court to admit evidence tending to show that he had engaged in inappropriate touching of the three sisters at times preceding those alleged in the bills of indictment because those incidents were dissimilar to the acts for which he was being tried. Rule 404(b) provides in pertinent part:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.
N.C. Gen. Stat. § 8C-1, Rule 404(b) (2003). Therefore, evidence of prior crimes is admissible under Rule 404(b) "as long as it is relevant to any fact or issue other than the defendant's propensity to commit the crime." State v. White, 340 N.C. 264, 284, 457 S.E.2d 841, 853, cert. denied, 516 U.S. 994, 133 L. Ed. 2d 436 (1995).
"[T]he ultimate test for determining whether such evidence is admissible is whether the incidents are sufficiently similar and not so remote in time as to be more probative than prejudicial under the balancing test of N.C.G.S. § 8C-1, Rule 403." State v. Boyd, 321 N.C. 574, 577, 364 S.E.2d 118, 119 (1988). The decision to admit evidence is within the discretion of the trial court, State v. Coffey, 326 N.C. 268, 281, 389 S.E.2d 48, 56 (1990), cert. denied, 421 S.E.2d 360 (1992), and its decision will not be disturbed on appeal unless the "ruling was manifestly unsupported by reason and could not have been the result of a reasoned decision." State v. Riddick, 315 N.C. 749, 756, 340 S.E.2d 55, 59 (1986).
In addition to testimony regarding the incidents for which defendant was charged, B.C. testified that the defendant touched her inappropriately on her breasts, her buttocks and between her legs while they were wrestling in December 1996. She also testified that every few weeks, while riding in the car with defendant, he would put his hand in her lap, close to her stomach, telling her "[h]e needed to make certain someone was in the car so he could stay awake." Even though she asked him not to do this, it occurred every time she rode with him. Defendant also wrapped his arms around her while standing close to her as if she were "his girlfriend" rather than his niece.
According to M.C., in 1996, about two weeks after defendant moved in with them, she was asleep in her bedroom when defendant came into her room, took her thumb out of her mouth and put his thumb into her mouth. Defendant left the room, got a piece of ice from the freezer, returned to M.C.'s room, put the ice into her mouth and played with it with his thumb. Then he put his hands into her pants and rubbed her vaginal area. Next, he took her hand, put it on his penis and with his hand over hers, attempted to have her masturbate him.
J.C. testified defendant also touched her inappropriately. Once, while she was sleeping on a mattress on the floor in the living room with her sisters nearby, she was awakened by defendant's hand inside the boxer shorts she was wearing. On another occasion, J.C. went home from school early because she was sick. Defendantunsnapped her bra to rub her back which made her uncomfortable. She fell asleep and when she awoke, he was asleep beside her, "like a couple would sleep." J.C. also experienced defendant putting his hand on her thigh when she rode in the car with him.
Defendant argues the prior acts were dissimilar in nature, too remote in time and more prejudicial than probative. See Boyd, 321 N.C. at 577, 364 S.E.2d at 119. We disagree. Defendant was charged with offenses involving sexual acts committed while B.C. and M.C. were in bed or sleeping.
Evidence of other crimes committed by a defendant may be admissible under Rule 404(b) if it establishes the chain of circumstances or context of the charged crime. Such evidence is admissible if the evidence of other crimes serves to enhance the natural development of the facts or is necessary to complete the story of the charged crime for the jury.
White, 340 N.C. at 284, 457 S.E.2d at 853.
Several of the prior acts admitted into evidence were similar to the crimes charged in that defendant touched each of the three sisters inappropriately while they were in bed or sleeping. In addition, evidence of inappropriate sexual touching in the car established similar sexual touching of the three girls over a long period of time. Although several of the past acts allegedly took place as early as 1996, the trial court properly determined the evidence of defendant's sexual advances established a common pattern or plan and were admissible under Rule 404(b). The trial court further determined that the probative value of such evidence outweighed its prejudicial effect. We will not disturb the trial court's ruling, and defendant's assignment of error is overruled.
II.
Defendant contends the trial court committed plain error by joining for trial the charge involving B.C., second degree rape, with the charges involving M.C., second degree sexual offense and indecent liberties with a minor. At the motions hearing on 8 January 2003, defendant's first attorney, who subsequently withdrew from the case due to a conflict of interest, agreed to the State's motion for joinder. Defendant concedes that after the appointment of his new attorney, he never made a motion to sever the charges, nor did he object to the joinder of the charges in any way. He now argues the trial court committed plain error by joining the charges for trial.
Where a defendant fails to properly preserve an issue on appeal, appellate courts may review it only for plain error. N.C. R. App. P. 10(c)(4). However, plain error analysis applies only to "errors in the trial judge's instructions to the jury or rulings on the admissibility of evidence." State v. Cummings, 346 N.C. 291, 314, 488 S.E.2d 550, 563 (1997), cert. denied, 522 U.S. 1092, 139 L. Ed. 2d 873 (1998). We therefore decline to address defendant's argument.
III.
Finally, defendant asserts the trial court committed reversible error when it conducted, on its own motion, a poll of the jurors by asking for a show of hands to establish each juror's assent to the verdict. Since defendant did not object to the act at trial, he seeks plain error review which, for the reasons stated in thepreceding paragraph, is not available to him. See State v. Wolfe, 157 N.C. App. 22, 33, 577 S.E.2d 655, 663, disc. review denied, 357 N.C. 255, 583 S.E.2d 289 (2003).
No error.
Judges WYNN and McGEE concur.
Report per Rule 30(e).