STATE OF NORTH CAROLINA v. COLLIS CECIL WILBORN

No. 7421SC690

(Filed 18 September 1974)

Criminal Law § 34— evidence of prior offense — admissibility to show state of mind

   In a prosecution for discharge of a firearm into an automobile and assault with a deadly weapon inflicting serious injury, testimony by defendant's former wife that defendant had shot at her on an occasion three years previously was admissible to show defendant's *quo animo,* or state of mind, at the time of the subsequent offenses.

APPEAL by defendant from *McConnell, Judge,* 12 February 1974 Criminal Session of Superior Court held in FORSYTH County.

In bills of indictment proper in form, defendant was charged with the felonies of (1) discharging a firearm into an

occupied automobile and (2) assaulting J. H. Southern with a deadly weapon, inflicting serious injury. Defendant was also charged in a warrant with the misdemeanor of assaulting Michael Culbreth by pointing a shotgun at him. The offenses were alleged to have occurred on 8 December 1973.

Evidence presented at the trial tended to show, in pertinent part, the following: Prior to 8 July 1973, defendant and Frances Wilborn were married to each other but on that date they were divorced. On Saturday, 8 December 1973, around 4:00 p.m., defendant went to Revco Drugs in Winston-Salem where Mrs. Wilborn was working. He told Mrs. Wilborn that he would be off from his work on the following Monday and Tuesday and would like for her to meet him some place and talk with him. Mrs. Wilborn refused. The manager of the store asked defendant to leave and, following an argument and the manager threatening to call police, defendant left. Around 8:30 or 9:00 that night, defendant, while riding in the front passenger seat of an automobile driven by his daughter on U. S. 421 west of Winston-Salem, fired a 20-gauge shotgun into a pickup truck in which Mrs. Wilborn was riding with J. H. Southern. Southern was wounded in his left arm and drove on to Forsyth Memorial Hospital in Winston-Salem where he alighted from his vehicle and ran into the emergency room. Defendant followed Southern to the hospital emergency entrance where he pointed his gun at Michael Culbreth and several other ambulance attendants who were attempting to get a patient into the hospital; defendant ordered them to put their hands up and bring Southern out of the hospital so that defendant could kill him.

A jury found defendant guilty as charged. The court entered judgments imposing prison sentences from which defendant appealed.

*Attorney General Robert Morgan, by Associate Attorney C. Diederich Heidgerd, for the State.*

*W. Warren Sparrow for defendant appellant.*

BRITT, Judge.

By his two assignments of error, defendant contends that the court erred (1) in permitting Mrs. Wilborn to testify about an incident involving defendant that occurred some three years before the offenses for which defendant was being tried, and

(2) in referring to the prior incident in the charge to the jury. We find no merit in the assignments.

On direct examination, over defendant's objections, Mrs. Wilborn testified: In August of 1970, she was working at Revco Drugs in Winston-Salem. On a Saturday night in that month, after she got off from work and went to her car in the parking lot, defendant shot at her with a 20-gauge gun. The bullet did not strike her, but went through the dress she was wearing and into the rear end of her car. Mrs. Wilborn displayed the dress she was wearing at the time of the previous shooting and pointed out a hole made by the bullet. After the incident, defendant and Mrs. Wilborn continued to live together but thereafter separated and were divorced.

In *State v. Humphrey,* 283 N.C. 570, 572, 196 S.E. 2d 516, 518 (1973), we find:

> "The general rule in North Carolina is that the State may not offer proof of another crime independent of and distinct from the crime for which defendant is being prosecuted even though the separate offense is of the same nature as the charged crime. *State v. Long,* 280 N.C. 633, 187 S.E. 2d 47; *State v. McClain,* 240 N.C. 171, 81 S.E. 2d 364; 1 Stansbury North Carolina Evidence § 91 (Brandis rev. 1973). However, such evidence is competent to show 'the *quo animo,* intent, design, guilty knowledge, or scienter, or to make out the *res gestae,* or to exhibit a chain of circumstances in respect of the matter on trial, when such crimes are so connected with the offense charged as to throw light upon one or more of these questions.' *State v. Jenerett,* 281 N.C. 81, 187 S.E. 2d 735; *State v. Atkinson,* 275 N.C. 288, 167 S.E. 2d 241."

We hold that the challenged evidence was competent to show defendant's *quo animo,* or state of mind, at the time of the offenses involved here. It follows that the court did not err in referring to the prior incident in summarizing Mrs. Wilborn's testimony in the jury charge. The assignments of error are overruled.

No error.

Judges HEDRICK and BALEY concur.