STATE OF NORTH CAROLINA v. BENNY LITTLE, JR.

No. 7521SC349

(Filed 15 October 1975)

1. Criminal Law § 34— evidence of defendant's guilt of another offense — relevancy test of admissibility

Relevancy is the true test for determining whether evidence of an offense other than the one charged is to be excluded or not; that is, there must be a causal relation or logical and natural connection between the two acts, or they must form parts of but one transaction.

2. Criminal Law § 34— evidence of defendant's guilt of subsequent offense — prejudicial error

In a prosecution of defendant for possession of heroin on 6 June 1974, evidence of defendant's possession of heroin in January 1975 was relevant only to show the disposition of the accused to commit an offense of the nature of the one charged, and admission of such evidence requires that defendant be tried anew.

APPEAL by defendant from *Walker, Judge.* Judgment entered 5 February 1975 in Superior Court, FORSYTH County. Heard in the Court of Appeals 27 August 1975.

Defendant was tried upon a bill of indictment charging him with possession of heroin.

The State's evidence tends to show the following facts:

On 6 June 1974 the police obtained a search warrant to search the apartment at 419-C Highland Avenue in Winston-Salem for marijuana. An informant had notified the police that defendant lived in that apartment. As the officers approached the apartment, a black man saw them from the rear of the apartment and yelled, "Bust, bust, bust" in a loud tone. Due to this warning, the police entered the apartment without knocking, informed the occupants that they were police officers with a search warrant, and proceeded to search the apartment for marijuana. Defendant was not in the apartment when the officers entered, but appeared several minutes later. In the apartment, the officers found a "cooker," a plastic bag of marijuana, needles and syringes, a marijuana pipe, and two tin foil packages containing heroin. Subsequent to the search, a warrant was issued for the defendant's arrest for the possession of heroin. Seven months later, a search warrant for heroin was issued for the same apartment. The defendant was in the apartment when the search was made. The State was allowed to intro-

duce evidence of heroin found pursuant to this search warrant at the trial of defendant for possession of the heroin found on 6 June 1974.

The jury found the defendant guilty as charged, and from judgment entered thereon, defendant appealed.

*Attorney General Edmisten, by Associate Attorney William Woodward Webb, for the State.*

*William G. Pfefferkorn and Beirne Minor Harding, for defendant appellant.*

MARTIN, Judge.

Though defendant presents several assignments of error, the only one warranting express consideration is the assignment of error based on the admission of evidence of an offense which occurred more than seven months after the date of the offense with which defendant is charged in the case at bar.

"It is the general rule that in a prosecution for a particular crime, evidence in chief which shows that defendant has committed other distinct, independent offenses is not admissible. *State v. Myers,* 240 N.C. 462, 82 S.E. 2d 213; *State v. McClain,* 240 N.C. 171, 81 S.E. 2d 364. This rule is subject to many exceptions. *State v. McClain, supra,* and *State v. Harris,* 223 N.C. 697, 28 S.E. 2d 232." *State v. Jones,* 278 N.C. 88, 178 S.E. 2d 820 (1971).

In 1 Stansbury, N. C. Evidence, § 91 (Brandis Rev. 1973), at 289, we find the following:

". . . It is submitted, however, that the rule is in fact a single one which, when accurately stated, is subject to no exceptions: evidence of other offenses is inadmissible if its only relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged; but if it tends to prove any other relevant fact it will not be excluded merely because it also shows him to have been guilty of an independent crime."

In *State v. McClain, supra,* the North Carolina Supreme Court noted with approval the criterion laid down by the South Carolina Supreme Court for determining whether evidence of

State v. Little

an offense other than the one charged is to be excluded under the general rule or admitted under one of the exceptions:

> "Whether evidence of other distinct crimes properly falls within any of the recognized exceptions noted is often a difficult matter to determine. The acid test is its logical relevancy to the particular excepted purpose or purposes for which it is sought to be introduced. If it is logically pertinent in that it reasonably tends to prove a material fact in issue, it is not to be rejected merely because it incidentally proves the defendant guilty of another crime. But the dangerous tendency and misleading probative force of this class of evidence require that its admission should be subjected by the courts to rigid scrutiny. Whether the requisite degree of relevancy exists is a judicial question to be resolved in the light of the consideration that the inevitable tendency of such evidence is to raise a legally spurious presumption of guilt in the minds of the jurors. Hence, if the court does not clearly perceive the connection between the extraneous criminal transaction and the crime charged, that is, its logical relevancy, the accused should be given the benefit of the doubt, and the evidence should be rejected."

[1] Relevancy is the true test for determining whether evidence of an offense other than the one charged is to be excluded or not. There must be a causal relation or logical and natural connection between the two acts, or they must form parts of but one transaction. *State v. Beam,* 184 N.C. 730, 115 S.E. 176 (1922).

[2] In applying the "logical relevancy" test to the case at bar, it appears that evidence from a search made seven months after the offense for which defendant was on trial was merely evidence of an offense of the same nature as the crime charged. Evidence of an offense of the "same nature" is not sufficient to come within one of the exceptions to the rule. There must be a logical relevancy to the particular excepted purpose(s) for which it is sought to be introduced. Evidence of possession of heroin in January 1975, nothing else appearing, does not tend to establish the mental state or guilty knowledge of the defendant in June 1974, nor does it tend to prove a common scheme or plan or a series of crimes so as to connect the accused with the commission of the act with which he is charged. Rather, its only relevancy is to show the disposition of the

accused to commit an offense of the nature of the one charged. Its admission requires that the cause be tried anew.

New trial.

Judges BRITT and HEDRICK concur.