STATE OF NORTH CAROLINA v. VERNON BOONE

No. 7618SC1042

(Filed 1 June 1977)

1. Searches and Seizures § 1— seizure of tractor in plain view

A search warrant was not required for the seizure of a tractor which was parked under an open shed on defendant's farm and which was in plain view and visible to the naked eye of officers who were on adjacent public land.

2. Criminal Law § 116.1— failure of defendant to testify — instruction

Defendant was not prejudiced by the court's instruction that the jury "should not," rather than "shall not," consider defendant's failure to testify as evidence against him.

3. Criminal Law § 24— refusal to accept plea bargain — imposition of greater sentence

Defendant's sentence is set aside and the case is remanded for the imposition of a proper sentence where the record indicates that the trial court imposed a greater sentence because defendant exercised his right to plead not guilty and refused to accept a lesser plea proffered by the State.

APPEAL by defendant from *McConnell, Judge.* Judgment entered 23 July 1976 in Superior Court, GUILFORD County. Heard in the Court of Appeals 10 May 1977.

Defendant was convicted of receiving stolen property, a Ford tractor, valued at more than $200.00. The tractor allegedly was stolen on the weekend of 28-29 June 1975 from the Neuse Tractor Company.

Prior to trial defendant moved to suppress evidence obtained by police during a 22 October 1975 warrantless search. The motion was denied. At the hearing on defendant's motion, testimony presented tended to show that the police officers received an anonymous "tip" that defendant had a stolen blue Ford tractor in a shed located on defendant's farm approximately a mile from defendant's residence. Title to the farm was in defendant's wife. From adjacent public land the officers were

able to see a blue Ford tractor in defendant's shed, or lean-to, about one hundred feet away. After viewing the tractor the officers, without a search warrant, entered upon defendant's land, which was enclosed by a barbed wire fence. Upon examination of the tractor the officers recorded the serial and model numbers and determined that the tractor had been reported stolen from the Neuse Tractor Company.

Additional evidence presented by the State at trial tended to show: After being advised of his constitutional rights defendant talked with the officers and told them that the tractor had been at his farm for about two months, and that a man called "Judge" had left it there for defendant to use, and that he did not pay for the tractor, and that if it were stolen he did not want it on his property. The State also presented evidence that on 30 June 1975 defendant pledged the tractor as security for a loan. Defendant acknowledged that he had a bill of sale prepared in order to use the tractor as security to get money.

From judgment imposing a prison sentence defendant appeals.

*Attorney General Edmisten, by Associate Attorney Nonnie F. Midgette, for the State.*

*Boyan and Slate, by Clarence C. Boyan, for defendant appellant.*

ARNOLD, Judge.

Defendant argues that the court erred in denying his motion to suppress the evidence obtained during the warrantless search of his property. Relying on *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed. 2d 576 (1967), defendant contends that the search was unconstitutional and that the court applied the wrong rule of law in reaching its decision. He asserts that the rule which permitted police officers to search without a warrant any land which was not within the curtilage of the suspect's dwelling can no longer be applied. *See, e.g., State v. Harrison,* 239 N.C. 659, 80 S.E. 2d 481 (1954). Defendant argues that under recent decisions, "what [a person] seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected." *Katz v. United States, supra,* at 351, *see also, Mancusi v. DeForte,* 392 U.S. 364, 368, 88 S.Ct. 2120, 20 L.Ed. 2d 1154 (1968). Defendant's argument, when applied to the case at bar, is unpersuasive.

[1]   The judge's finding that the tractor was in plain view is supported by evidence and thus binding on appeal. *State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844 (1972). We find no error in the court's conclusion that a search warrant was not required. The tractor, parked under an open shed, was in plain view and visible to the naked eye of the officers who were in a place where they had a right to be. The Fourth Amendment protects people, not places, and what is knowingly exposed to the public is not subject to Fourth Amendment protection. *Katz v. United States, supra; Lewis v. United States,* 385 U.S. 206, 210, 87 S.Ct. 424, 17 L.Ed. 2d 312 (1966). *See also, State v. Alford,* 289 N.C. 372, 222 S.E. 2d 222 (1976) ; *State v. Howard,* 274 N.C. 186, 162 S.E. 2d 495 (1968). Only such searches and seizures which are unreasonable are prohibited by the Constitution, *Elkins v. United States,* 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed. 2d 1669 (1960), and whether a search or seizure is reasonable must be determined on the facts of each individual case. *Cooper v. California,* 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed. 2d 730 (1967). In the instant case the search was within the limits of reasonableness.

[2]   There was no prejudicial error in the denial of defendant's request for instructions to the jury concerning his failure to testify. The court charged the jury that it "should not" consider defendant's failure to testify as evidence against him. Defendant says that the court was in error because it failed to charge the jury that it "shall not" consider defendant's silence against him. Use of the phrase "should not," though not expressly approved, is not error prejudicial to defendant. The jury unmistakenly was admonished not to consider defendant's failure to testify as evidence against him.

We find no merit in defendant's contention that the court erred in denying his motion for judgment as of nonsuit or that the court expressed an opinion concerning evidence which was presented. We have also carefully considered the judge's charge and find it to be free of prejudicial error.

[3]   The record before us contains the following:

"The Court by statement in open court to counsel for the defendant, with the defendant present, indicated that he would be compelled to give the defendant an active sentence due to the fact that the defendant had pleaded not

guilty and the jury had returned a verdict of guilty as charged of a violation of G.S. 14-70. In soliloquy between counsel for the defendant and the Court it was indicated by the presiding judge that the prison sentence would be necessary although the Court was not familiar with the past record or character of the defendant. It was further placed in the record that during the trial of this cause the presiding judge had indicated in chambers to the defendant's counsel his intentions to give to the defendant an active prison sentence if he persisted in his plea of not guilty and did not accept a lesser plea proffered by the Assistant District Attorney."

Defendant has the constitutional right to plead not guilty, to confront his accusers and witnesses, and to have a trial by jury. These rights are not to be impeded. The trial judge may have sentenced defendant quite fairly in the case at bar, but there is a clear inference that a greater sentence was imposed because defendant did not accept a lesser plea proffered by the State. This Court has indicated that it would not tolerate an inference that a greater sentence was imposed because a defendant exercised his right to appeal. *State v. Lowry,* 10 N.C. App. 717, 179 S.E. 2d 888 (1971). We also cannot tolerate the inference that a greater sentence was imposed because defendant exercised his right to plead not guilty.

In defendant's trial we find no error sufficient to warrant a new trial. However, judgment is vacated and the case is remanded to the Superior Court of Guilford County for proper sentencing and judgment.

Vacated and remanded.

Judges MORRIS and HEDRICK concur.