STATE OF NORTH CAROLINA v. RAY BAGLEY

No. 7827SC708

(Filed 2 January 1979)

1. **Criminal Law § 34.6— evidence of other offenses—admissibility to show intent**

    In a prosecution for possession of heroin with intent to sell, testimony by a witness that she had bought heroin from defendant 75 to 100 times in the past was properly admitted to show intent.

2. **Criminal Law § 162.4— objection to answer—motion to strike—failure to specify objectionable portions**

    Though it was incorrect for the trial judge to deny defendant's motion to strike merely because defendant did not object to the question, defendant was not prejudiced by the admission of the evidence since part of the evidence was incompetent but defendant failed to indicate which portions he wished to have stricken, as he was required to do.

3. **Criminal Law § 60— fingerprint evidence unavailable—testimony of nonexpert admissible**

    Defendant's contention that it was improper to admit an officer's testimony that fingerprints could not be obtained from a tinfoil packet allegedly containing heroin because the officer had not been qualified as an expert is without merit.

State v. Bagley

**4. Criminal Law § 24— refusal to plea bargain—proper reasons for stiff sentence**
    The evidence did not reveal that defendant was given a greater sentence
    because he did not enter into a plea bargain where the statements allegedly
    made by the trial court about his willingness to give defendant a lighter
    sentence if he plea bargained were made before all the evidence had been
    heard, and the record supported the court's finding that defendant was not a
    "casual pusher of heroin" but that he was a substantial dealer.

APPEAL by defendant from *Snepp, Judge*. Judgment entered 16 December 1977 in Superior Court, GASTON County. Heard in the Court of Appeals 15 November 1978.

Defendant was indicted for selling heroin and for possessing heroin with intent to sell. The State presented evidence that Patricia Stowe arranged with the police to set up defendant "to be busted." On 17 May 1977 Stowe met defendant at Gina Dunlap's apartment and gave him $500 in exchange for a tinfoil packet of heroin. She testified over objection that prior to that date she had purchased heroin from defendant at least 75 to 100 times. She had known defendant for three or four years.

V. L. Furr, a special agent with the SBI, testified that he arrested defendant on 17 May, and that after executing a waiver of rights defendant made a statement admitting selling drugs to Stowe.

Defendant testified that he met Stowe at Gina Dunlap's apartment on 17 May but did not sell her any heroin. He denied making a statement to Furr that he had sold Stowe heroin. He had known Stowe for four or five years, and had never sold heroin to her. A number of spectators in the courtroom were asked individually to stand, and defendant denied having sold heroin to any of them.

On rebuttal Patricia Stowe testified that her telephone conversations with defendant on the day of the heroin purchase had been recorded by the police and transcribed. The tape and transcript were admitted into evidence over objection, and the tape was played for the jury.

Defendant was found guilty on both counts and sentenced to ten years and five years to run consecutively. He appeals.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General Acie L. Ward, for the State.*

*Chip Cloninger for defendant appellant.*

ARNOLD, Judge.

I.

[1]  Defendant first contends that the trial court erred in admitting Stowe's testimony that she had bought heroin from him 75 to 100 times in the past. Evidence of prior crimes is inadmissible to show a defendant's disposition to commit a crime. *State v. Little*, 27 N.C. App. 211, 218 S.E. 2d 486 (1975); 4 Strong's N.C. Index 3d, Criminal Law § 34.1. The general rule is that evidence of another offense is inadmissible even though the other offense is of the same nature as the crime charged. *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954). "Since evidence of other crimes is likely to have a prejudicial effect on the fundamental right of the accused to a fair trial, the general rule of exclusion should be strictly enforced in all cases where it is applicable." *Id.* at 176, 81 S.E. 2d at 368. The well-established exceptions to the rule stem from the test of logical relevancy. If the challenged evidence "reasonably tends to prove a material fact in issue, it is not to be rejected merely because it incidentally proves the defendant guilty of another crime." *Id.* at 177, 81 S.E. 2d at 368. Among the exceptions set out in *McClain* is the "intent" exception, which we find applies here: "Where a specific mental intent or state is an essential element of the crime charged, evidence may be offered of such acts or declarations of the accused as tend to establish the requisite mental intent or state, even though the evidence discloses the commission of another offense by the accused." *Id.* at 175, 81 S.E. 2d at 366.

Although defendant was indicted and tried for both selling heroin and possession with intent to sell under G.S. 90-95(a)(1), he relies on *State v. Choate*, 228 N.C. 491, 46 S.E. 2d 476 (1948), to support his argument that intent was not in issue here. *Choate* was a prosecution for abortion, and the challenged evidence was the testimony of other women that the defendant had performed abortions on them. Defendant denied having performed any abor-

tions at all. The court indicated that where the defendant did not admit that he committed the act and try to justify it, but instead denied committing it, it was improper to admit the challenged evidence to show intent, as intent was not in issue. *Choate* differs from the case before us, however, in that abortion is a general intent crime, in which intent is not an essential element. A charge of possession of heroin with intent to sell obviously requires that intent be proved. Defendant's argument is that, since the charge of possession here arose from the selling incident, testimony of the sale carried with it the presumption of intent to sell, making it necessary for the State to prove only that defendant possessed the heroin when he sold it. Even accepting this analysis as true, the evidence of prior sales as showing intent was properly admitted. As the court pointed out in *State v. Simons*, 178 N.C. 679, 100 S.E. 239 (1919), even if the jury found in accordance with the presumption of intent, the challenged evidence was, at the most, unnecessary but not incompetent. The *McClain* intent exception does not require that to be admissible the evidence be the only available proof of intent, but merely that it "tend to establish" the requisite intent. We note that the challenged evidence was admissible only with regard to the charge of possession with intent to sell and not to the charge of selling; however, the limiting instruction given in the charge to the jury was more than adequate. This assignment of error is without merit.

II.

Defendant also assigns error to the admission of two portions of the testimony of Officer Bryant. After the heroin buy, Bryant received a tinfoil packet from the officer who had accompanied Stowe to make the buy. Bryant testified that he wrote his initials, the time and date on the packet when he received it, then returned to the office, put the packet into an envelope and wrote on the envelope. During direct examination the following then occurred:

Q. And what is that writing, please?

A. In my own handwriting, it says, "Purchased from Ray Bagley at 4:20 p.m., 5/17/77, at an apartment on North Weldon Street, Gastonia, by Patricia Wylie Stowe, handed to Sherrie Harmon by Patricia Stowe on Weldon Street at 4:25 p.m., 5/17/77, given to Detective Bryant by Sherrie Harmon

at 4:35 p.m., 5/17/77, in Room 136 at the Ramada Inn, Gastonia."

    MR. PUETT: Now, Your Honor, we would MOVE TO STRIKE that portion.

    COURT: You did not object. MOTION TO STRIKE IS DENIED.

    MR. PUETT: The question was competent, Your Honor. I'm just moving to strike that portion that is incompetent.

    COURT: He said that's what he wrote there.

    MR. PUETT: Yeah, but that—part of that is competent.

    COURT: Well, you did not object to the question. MOTION IS OVERRULED.

Defendant argues that his motion to strike was improperly denied because portions of the answer were hearsay.

[2]    We note first that it was incorrect for the judge to deny defendant's motion to strike merely because defendant did not object to the question. As defense counsel points out in the record, the question itself was not objectionable, and "when inadmissibility is not indicated by the question and becomes apparent in the answer . . . , the objection should be in the form of a motion to strike the answer or its objectionable part." 4 Strong's N.C. Index 3d, Criminal Law § 162.3 at 829.

    We are not persuaded by the State's argument that the writing on the envelope was admissible evidence under the "official records" exception to the hearsay rule. See generally 1 Stansbury's N.C. Evidence § 153 (Brandis rev. 1973). Portions of the writing clearly were not "within the personal knowledge of [Officer Bryant]," id. at 513, and constituted inadmissible hearsay. We find, however, that defendant failed to indicate which portions of the answer he wished to have stricken, as he is required to do. There is no error in the overruling of a general objection where the evidence is competent for any purpose. 4 Strong's N.C. Index 3d, supra.

[3]    Nor do we see merit in defendant's argument that it was improper to admit Bryant's testimony that fingerprints could not be obtained from the tinfoil, since Bryant had not been qualified as

an expert. Our statement in the case of *State v. Mitchell*, 6 N.C. App. 755, 757, 171 S.E. 2d 74, 76 (1969), applies equally here: "[Defendant] could not be prejudiced by the lack of evidence against [him] implicit in the State's admission that no fingerprints had been taken . . . ."

## III.

[4] Before the State presented rebuttal evidence defendant moved for a mistrial, partially upon the ground that on the preceding day, according to defense counsel, the trial judge had commented to him "that I could come out here and tell my client to plead guilty and take ten years and that I might could save him some time." The court responded:

> COURT: All right, Mr. Puett, that MOTION IS DENIED; and you can take it up. You have a habit of coming to judges and talking about your cases; and I don't like it; and I told you I would not go along with a plea bargain of three to five years; that if he wanted to plead guilty, I would agree that it be ten years; and don't you ever come into my chambers again. Do you understand?

After the verdict was returned, the defendant was sentenced to a total of 15 years.

In the case at bar the record is sufficiently different from *State v. Boone*, 33 N.C. App. 378, 235 S.E. 2d 74 (1977), relied upon by defendant to support his contention that the trial court imposed a greater sentence because he did not enter into a plea bargain, to distinguish the two cases. We see no basis for defendant's contention.

Unlike Boone, *supra*, the record here is devoid of any reasonable inference that defendant was penalized for pleading not guilty. Suffice to say, the record does reveal, from the statement by counsel for defendant, that the purported statements made by the trial court were "made prior to the time that all of the evidence was heard." Furthermore, the record is supportive of the trial court's finding that "from the evidence in this case . . . [defendant] is not a casual pusher of heroin, that he is a substantial dealer with connections to obtain a very high quality heroin and rather substantial quantities on short notice."

Having reviewed all defendant's other assignments of error we find that defendant received a fair trial, without prejudicial error.

No error.

Judges HEDRICK and VAUGHN concur.