STATE OF NORTH CAROLINA v. SUPORA WELDON

No. 8310SC204

(Filed 6 December 1983)

1. **Criminal Law § 34.8; Narcotics § 3.1— evidence that heroin found in house on two other occasions properly admitted**

In a prosecution for trafficking in heroin, the trial court properly admitted testimony that police had found heroin in or near defendant's house on two other occasions since the evidence was relevant to show defendant's "guilty knowledge" of the presence and the character of the drugs found. G.S. 90-95.

2. **Narcotics § 3.1— testimony of house's drug reputation—properly admitted**

In a prosecution for trafficking in heroin, the trial court properly admitted testimony that defendant's house had a reputation of being a site of illegal sale and use since the evidence tended to show defendant's knowledge and intent at the time of the offense.

APPEAL by defendant from *Braswell, Judge.* Judgment entered 3 August 1982 in Superior Court, WAKE County. Heard in the Court of Appeals 25 October 1983.

On 8 February 1982 Officers Pollard and Benafield of the Raleigh police department knocked on the front door of a house

owned by Bill Moody, Jr. and leased to defendant. After there was no answer the officers identified themselves and kicked the door open. The officers frisked two black males who were in the living room area and then gave a copy of a search warrant to defendant, who was also present. While searching the house, the officers discovered 30 bindles of heroin. Defendant was then placed under arrest. She was searched, and $449 was found on her person.

Raleigh police officers had earlier searched defendant's house pursuant to a search warrant on 9 December 1981. During that search nine bags of heroin were discovered under a sofa while defendant was present. Two bags of marijuana, a needle and syringe, and $648 were found on the living room table in front of defendant.

On 30 May 1982 officers returned to the house to conduct another search. During that search, police found a plastic bread wrapper containing bindles of heroin under a trash container about five feet from the rear door of the house. In addition, $201 was found on defendant's person. Officers who participated in the two searches testified at trial that defendant's house had the reputation of being a place where heroin and other illegal drugs could be bought or sold.

Defendant was convicted of trafficking in heroin and was sentenced to 14 years in prison. From that verdict she appeals.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General George W. Lennon, for the State.*

*Lorinzo L. Joyner for defendant-appellant.*

ARNOLD, Judge.

[1] Defendant's first contention is that the trial court erred in allowing testimony that police found heroin in or near her house on two other occasions. She alleges that the evidence was irrelevant, except to show her propensity to commit the offense of felonious possession of heroin. Under the general rule, evidence of other offenses, even those which are of the same nature as the one charged, is inadmissible to prove the commission of the particular crime charged. *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954). In drug cases, however, "evidence of other drug viola-

tions is relevant and admissible if it tends to show plan or scheme, disposition to deal in illicit drugs, knowledge of the presence and character of the drug, or presence at and possession of the premises where the drugs are found." *State v. Richardson*, 36 N.C. App. 373, 375, 243 S.E. 2d 918, 919 (1978).

Defendant was charged with violation of G.S. 90-95 which makes it unlawful for any person "[t]o manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance." The evidence complained of was expressly offered by the State to show defendant's "guilty knowledge" of the presence and character of the drugs found during the February 1982 search. It was, therefore, properly admitted.

Defendant cites *State v. Little*, 27 N.C. App. 211, 218 S.E. 2d 486 (1975), to support her contention that the other discoveries of heroin were irrelevant on the question of her knowledge of the presence of heroin during the February 1982 search. In *Little*, the court found no "logical relevancy" where heroin was discovered at the defendant's apartment seven months after he had been charged with possession of heroin. The second discovery, the court said, amounted to no more than "evidence of an offense of the 'same nature.'" 27 N.C. App. at 213, 218 S.E. 2d at 488. It did not tend to establish the mental state or guilty knowledge of the defendant seven months prior. *Id.*

In the case at bar, however, the evidence of the other discoveries does tend to show defendant's guilty knowledge. Defendant leased and lived in the house where heroin was found, and she was physically present on the occasion of each search. During the first search, which occurred two months prior to the offense charged, heroin, a needle and syringe, and $648 were found on a table directly in front of defendant. During the last search, which took place three months after the offense, heroin was found at an easily accessible location about five feet from defendant's back door, and $201 was found on her person. We find that the evidence of the two separate discoveries of heroin at defendant's house, one occurring two months before the offense charged and the other occurring three months afterward, during which sizeable amounts of money were also found, is admissible to show defendant's knowledge of the presence and character of the drugs found during the search of her house on 9 February 1982.

**[2]** Defendant next contends that the court erred in admitting testimony that her house had the reputation of being a site of illegal drug sale and use. Although this evidence would ordinarily be considered hearsay, this Court has held that evidence concerning the reputation of a place or neighborhood is admissible where it goes to show the intent of the person charged. *State v. Lee*, 51 N.C. App. 344, 276 S.E. 2d 501 (1981). We find that this evidence was, therefore, admissible to show defendant's knowledge and intent at the time of the offense.

Finally, defendant contends that she was improperly cross-examined about prior convictions of liquor violations and about her financial status. We note that the evidence complained of was received without objection from defendant and is now being challenged for the first time on appeal. Defendant has, therefore, waived her right to object to the cross-examination at trial. *State v. Wilkins*, 297 N.C. 237, 254 S.E. 2d 598 (1979).

No error.

Judges HILL and EAGLES concur.