STATE OF NORTH CAROLINA v. MICHAEL ANTHONY ELLIOTT

No. COA99-272

(Filed 4 April 2000)

### 1. Criminal Law— handcuffs on defendant—outside courtroom

The trial court did not err in an assault inflicting serious injury case by denying defendant's motion for a mistrial based on a juror seeing defendant in handcuffs outside of the courtroom during a recess of the trial, because: (1) the restraint of a defendant outside the courtroom is within the sound discretion of the officer charged with the custody of defendant; and (2) the handcuffing of defendants as they are transferred between the courtroom and the jail is a common practice well-known by the general public.

### 2. Criminal Law— jury instruction—continuation of deliberations

The trial court did not coerce the jury in an assault inflicting serious injury case by instructing the jury to return to the jury room at 5:30 p.m. to discuss whether the jury wanted to continue with deliberations because the trial court simply informed the foreperson to confer with the other members of the jury and determine whether it wanted to continue its deliberations that afternoon or to come back the next day.

### 3. Evidence— character—propensity for violence

The trial court erred in a prosecution for assault on a female and assault inflicting serious injury by admitting evidence of a 1994 incident where defendant hit the female victim in the face because this evidence was inadmissible character evidence to show defendant's propensity for violence in violation of N.C.G.S. § 8C-1, Rule 404(b).

Judge EDMUNDS concuring in the result with a separate opinion.

Judge LEWIS dissenting.

Appeal by defendant from judgment dated 22 October 1998 by Judge Donald W. Stephens in Durham County Superior Court. Heard in the Court of Appeals 25 January 2000.

STATE v. ELLIOTT

[137 N.C. App. 282 (2000)]

*Attorney General Michael F. Easley, by Associate Attorney General Susana E. Honeywell, for the State.*

*Kevin P. Bradley, for defendant-appellant.*

GREENE, Judge.

Michael Anthony Elliot (Defendant) appeals from a conviction of assault inflicting serious injury in violation of N.C. Gen. Stat. § 14-33(c). Defendant had been charged with assault on a female and assault inflicting serious injury.

On 17 July 1997, an altercation occurred between Defendant, his sister Linda Elliot Vereen (Vereen), and Vereen's fiancé Wilbert Lee Jones, Jr. (Jones). Vereen testified the altercation started when Defendant began yelling at her and, in response, she retrieved a knife from her house. Upon her return, Defendant approached Vereen making disparaging remarks about her, and he told her "I'm going to hit you in your eye like I did before." Defendant then hit Vereen on the side of her face. In response to a question from the State as to what she meant "by he hit you before[,]" Vereen responded over Defendant's objection that in "1994 [Defendant] hit me in my face because he got mad at me[,] because I wouldn't let him hit my son in the head with a coffee cup simply because he was talking back at him." After Defendant hit Vereen, he struck Jones twice on the hand and arm with a mailbox and post.

During the recess after the State rested its case, a juror saw the handcuffed Defendant in the courtroom hallway. Once court reconvened, Defendant moved for a mistrial on the ground one of the jurors saw him in handcuffs during the recess. The trial court denied Defendant's motion. Defendant offered evidence of self-defense and rested. The trial court instructed on self-defense.

After deliberating for nearly two hours, the jury returned to the courtroom at 5:30 p.m. The jury informed the trial court it had reached a unanimous verdict on one charge but was divided on the other charge. The conversation between the trial court and the jury foreperson continued as follows:

THE COURT: Alright. It's 5:30 and I'm about to let the court personnel go. The options are we can stay a little longer and try to resolve that matter this afternoon or do you feel like it will require further deliberations tomorrow?

THE FOREPERSON: I'm willing to stay a little while longer, but I don't know if the rest of the jurors are.

THE COURT: Well, I know you say that you do not have a unanimous decision as to both charges. You have one of them. The law requires that I require you to continue to deliberate as long as you're making progress. The only way I can release you is if you arrive at a unanimous decision or if you tell me you are hopelessly deadlocked and further deliberations will not result in a unanimous decision. At that time I would declare a mistrial and have that matter heard by some other jury. I'll let you step back to the jury room for a moment and let you discuss whether you want to continue.

After this conversation between the trial court and the jury foreperson, the jury again retired and soon thereafter returned to the courtroom with unanimous verdicts finding Defendant "not guilty" of assault on a female and "guilty" of assault inflicting serious injury.

---

The issues are whether: (I) Defendant is entitled to a mistrial because he was seen in handcuffs by a juror, while being transferred to the courtroom; (II) the trial court coerced the jury into reaching a verdict; and (III) evidence Defendant had previously assaulted the female victim was admissible under Rule 404(b).

I

[1] Defendant contends he was denied a fair trial, in violation of Article I, Sections 19 and 24 of the North Carolina Constitution, when the trial court denied his motion for a mistrial on the ground a juror saw Defendant in handcuffs during a recess of the trial, in the hall of the courthouse. We disagree.

If a trial court physically restrains a defendant "in the courtroom," it is required, "[u]nless the defendant or his attorney objects," to "instruct the jurors that the restraint is not to be considered in weighing evidence or determining the issue of guilt." N.C.G.S. § 15A-1031 (1999). The restraint of a defendant, outside the courtroom, is within the sound discretion of the officer charged with the custody of the defendant and that officer is permitted to take whatever action is necessary to prevent escape and to protect the public. The handcuffing of defendants, as they are transferred between the courtroom and the jail, is a common practice well known by the general public. Thus, a defendant's right to a fair and impartial trial is not

impaired when jurors observe him outside the courtroom in hand-cuffs. *State v. Montgomery,* 291 N.C. 235, 252, 229 S.E.2d 904, 914 (1976). The trial court, therefore, correctly denied Defendant's motion for a mistrial.

## II

**[2]** Defendant argues the trial court coerced the jury into reaching a verdict when it instructed it to return to the jury room at 5:30 p.m. "to discuss whether [it] want[ed] to continue" with its deliberations. We disagree.

The jury returned to the courtroom at 5:30 p.m. and informed the trial court it had reached a verdict as to one charge but had not been able to reach a verdict on the second charge. The foreperson informed the trial court he was willing to "stay a little while longer" that afternoon, and was not sure "if the rest of the jurors" were pre-pared to deliberate further that afternoon. The trial court simply informed the foreperson to confer with the other members of the jury and determine "whether [it] want[ed] to continue" its deliberation that afternoon or come back tomorrow. This did not constitute coer-cion on the part of the trial court and, thus, was not error. *State v. Griffin,* 308 N.C. 303, 316, 302 S.E.2d 447, 456 (1983) (no error for trial court to return jury to its room for ten minutes of additional deliberation).

## III

**[3]** The State questioned Vereen, its witness, about a 1994 incident where Defendant hit her in the face. Defendant contends this consti-tutes inadmissible character evidence in violation of Rule 404(b). The State contends the testimony was admissible under Rule 404(b) in that it shows Defendant's "motive, intent, plan and knowledge to assault" Vereen. We agree with the Defendant.

Evidence of other "crimes, wrongs or acts" are not admissible to "show that the defendant has the propensity or disposition to commit an offense on the nature of the crime charged." *State v. Coffey,* 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990); N.C.G.S. § 8C-1, Rule 404(b) (1999). This evidence is admissible, however, "so long as it 'is relevant for some [other] purpose.'" *State v. Bagley,* 321 N.C. 201, 206, 362 S.E.2d 244, 247 (1987) (quoting *State v. Morgan,* 315 N.C. 626, 637, 340 S.E.2d 84, 91 (1986)), *cert. denied,* 485 U.S. 1036, 99 L. Ed. 2d 912 (1988). The evidence is relevant for some other purpose if it "tends to prove a material fact in issue in the crime charged." *See State v.*

STATE v. ELLIOTT

[137 N.C. App. 282 (2000)]

*Johnson*, 317 N.C. 417, 425, 347 S.E.2d 7, 12 (1986). Whether the evidence is relevant

> "is a judicial question to be resolved in the light of the consideration that the inevitable tendency of such evidence is to raise a legally spurious presumption of guilt in the minds of the jurors. Hence, if the court does not clearly perceive the connection between the extraneous criminal transaction and the crime charged, that is, its logical relevancy, the accused should be given the benefit of the doubt, and the evidence should be rejected."

*State v. McClain*, 240 N.C. 171, 177, 81 S.E.2d 364, 368 (1954) (quoting *State v. Gregory*, 4 S.E.2d 1, 4 (S.C. 1939)).[1]

In this case, the evidence of Defendant's prior assault on Vereen in 1994 does show his disposition to indulge in that kind of conduct and consequently makes it more probable that he is guilty of the current assault charges. This, however, is not a proper purpose, within the meaning of Rule 404(b), and thus cannot support its admissibility. *See* 1 Kenneth S. Broun, *Brandis & Broun on North Carolina Evidence* § 94, at 271 (5th ed. 1998). Furthermore, evidence of the 1994 assault does not tend to prove a material fact in issue in the crimes charged.[2] Indeed, we see no connection between the 1994 assault and the 1997 assaults, other than to show Defendant's propen-

---

1. We acknowledge our Supreme Court has held Rule 404(b) is a "rule of *inclusion*" rather than a "rule of exclusion." *Coffey*, 326 N.C. at 278, 389 S.E.2d at 54. To be admissible, however, there remains the requirement the evidence be " *'relevant to any fact or issue other than* the character of the accused.' " *Id.* (quoting *State v. Weaver*, 318 N.C. 400, 403, 348 S.E.2d 791, 793 (1986)). We do not read *Coffey* as overruling *McClain* and thus its language, relied on in this opinion, for judging the relevancy of the prior "crimes, wrongs, or acts" remains viable. Indeed, since *Coffey*, this Court has relied on *McClain* in resolving a Rule 404(b) issue. *State v. Irby*, 113 N.C. App. 427, 437-38, 439 S.E.2d 226, 233 (1994).

2. The State contends the 1994 assault is relevant to show Defendant's ill will and thus is admissible, relying on *State v. Gary*, 348 N.C. 510, 520, 501 S.E.2d 57, 64 (1998). We disagree. *Gary* is a first-degree murder case and ill will was relevant on the material issues of malice, premeditation, intent, and deliberation. In the present case, the charged assaults are not specific intent crimes, *see State v. Currie*, 19 N.C. App. 17, 20, 198 S.E.2d 28, 30 (1973), and thus intent is not a material issue in the case. *See State v. Bagley*, 39 N.C. App. 328, 331, 250 S.E.2d 87, 89 (1979) (intent is not an essential element of general intent crimes); *cf. McClain*, 240 N.C. at 175, 81 S.E.2d at 366 ("Where a *specific mental intent* or state is *an essential element* of the crime charged, evidence may be offered of such acts or declarations of the accused as tend to establish *the requisite mental intent* or state, even though the evidence discloses the commission of another offense by the accused.") (emphasis added). It follows, therefore, evidence of the 1994 assault, and any ill will it reveals, is not admissible under Rule 404(b) in this case.

sity for violence.[3] The trial court, therefore, erred in allowing this evidence. Because we are unable to determine the error was harmless, Defendant is entitled to a new trial. N.C.G.S. § 15A-1443(a) (1999).

New trial.

Judge EDMUNDS concurs in the result with a separate opinion.

Judge LEWIS dissents.

Judge EDMUNDS concuring in the result with a separate opinion.

Because our Supreme Court has held that Rule 404(b) permits evidence of another wrong to be admitted to establish intent where the crime at trial is a general intent offense, *see State v. Pierce*, 346 N.C. 471, 488 S.E.2d 576 (1997), I cannot agree with that portion of the opinion addressing intent or with footnote 2. However, I concur that admission of defendant's 1994 assault in this instance merely showed his propensity to indulge in that kind of conduct and that its improperly prejudicial effect outweighed any probative value. *See* N.C. Gen. Stat. § 8C-1, Rule 403 (1999).

Judge LEWIS dissenting.

I respectfully dissent. Significantly, defendant was being tried here for both the assault on Mr. Jones and the assault on his sister, Ms. Vereen. I believe evidence of the prior 1994 assault of Ms. Vereen was admissible, at least with respect to the present assault on Ms. Vereen. Rule 404(b) explicitly allows evidence of other crimes, wrongs, or bad acts when such evidence is used to show intent. Although neither misdemeanor assault inflicting serious injury under N.C. Gen. Stat. § 14-33(c)(1) nor misdemeanor assault on a female under N.C. Gen. Stat. § 14-33(c)(2) are specific intent crimes, that does not mean, as the majority suggests, that intent is not an element of each offense. Both assaults are still general intent crimes and thus require a showing that defendant acted intentionally. *See State v.*

---

3. There is some evidence in this record tending to support an argument Defendant was acting in self-defense at the time he assaulted Vereen and Jones. Indeed, the trial court instructed the jury on self-defense. The State, however, makes no contention in its brief to this Court that the 1994 assault on Vereen was admissible under 404(b) because it tends to show Defendant was the aggressor in the 1997 assaults and thus not acting in self-defense. We note, however, use of the 1994 assault for this purpose is prohibited. *Morgan*, 315 N.C. at 638, 345 S.E.2d at 92.

*Davis*, 68 N.C. App. 238, 244, 314 S.E.2d 828, 832 (1984) ("[I]ntent is an essential element of [misdemeanor] criminal assault . . . ."); *State v. Musselwhite*, 59 N.C. App. 477, 481, 297 S.E.2d 181, 184 (1982) ("All that is necessary to sustain a conviction for assault is evidence of an overt act showing an *intentional* offer by force and violence to do injury to another sufficient to put a person of reasonable firmness in apprehension of immediate bodily harm.") (emphasis added); N.C.P.I., Crim. 208.60 (instruction for assault inflicting serious injury); N.C.P.I., Crim. 208.70 (instruction for assault on a female).

Because intent is an essential element of the two assault offenses here, intent became a material issue; therefore, evidence of defendant's prior bad acts was admissible if such evidence tended to show his intent. And here, I believe defendant's prior assault of Ms. Vereen in 1994 did tend to establish his intent with respect to the present assault on her. In this regard, I find *State v. Wilborn*, 23 N.C. App. 99, 208 S.E.2d 232 (1974), particularly instructive. In *Wilborn*, the defendant was charged with discharging a firearm into an occupied vehicle, assault with a deadly weapon, and misdemeanor assault by pointing a shotgun. *Id.* at 99-100, 208 S.E.2d at 232. None of these offenses were specific intent crimes. In its case-in-chief, the State attempted to introduce evidence of an assault by defendant against one of the victims that had occurred three years beforehand. *Id.* at 101, 208 S.E.2d at 233. The *Wilborn* Court held that the evidence of the prior assault was indeed admissible to show defendant's state of mind. *Id.* I believe *Wilborn* is sufficiently analogous to the case at hand, as both cases involve three-year-old assaults being introduced to show intent for purposes of misdemeanor assaults. Accordingly, I conclude that the trial court committed no error in admitting evidence of the 1994 assault. *See also Musselwhite*, 59 N.C. App. at 479-80, 297 S.E.2d at 183 (allowing evidence of prior threats and a slap on the victim's face to show intent in a case involving both felony and misdemeanor assaults).

Furthermore, even if it was error to admit evidence of the prior assault, I believe the error was harmless. To receive a new trial, defendant must show "a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial." N.C. Gen. Stat. § 15A-1443(a) (1999). I fail to see how introduction of the evidence with respect to defendant's prior assault of Ms. Vereen amounted to prejudicial error. First, the evidence of the 1994 assault was sparse, to say the least. The transcript from the trial contains fifteen pages of detailed testimony by Ms.

Vereen regarding the assaults for which defendant was tried. In that testimony, she made one passing reference to the prior assault, which then elicited three brief follow-up questions by the prosecutor. I doubt that these limited and rather non-descript references to the prior assault so affected the minds of the jury that there was a reasonable possibility of acquittal absent such references. I also note that defendant, in taking the stand, had an opportunity to explain that assault. In fact he did so, claiming that the 1994 assault was in self-defense. The jurors might very well have believed this testimony, too, as they acquitted him of the charge of assault on Ms. Vereen.

Second, and more importantly, there was ample evidence before the jury to convict defendant of the assault on Mr. Jones in the absence of evidence with respect to the prior assault on Ms. Vereen. The testimony of Ms. Vereen and the two other State's witnesses all affirmatively pointed to defendant as the aggressor in this incident, refuting the notion that defendant acted in self-defense. In light of this abundance of inculpatory evidence, the admission of the sparse references to the 1994 assault did not prejudice defendant in such a way as to tip the scales of justice against him.