STATE OF NORTH CAROLINA v. KYJAHRE HASAN RILEY

No. COA02-138

(Filed 17 December 2002)

**1. Evidence— hearsay—excited utterance—time to fabricate statement**

Defendant's statement to an officer that he had been coerced was not admissible as an excited utterance in a prosecution for speeding to elude arrest because enough time passed between the wreck and the statement for defendant to fabricate the statement, even though the time wasn't indicated by the record.

**2. Criminal Law— defendant seen in custody—prompt inquiry and dismissal of juror—other jurors not questioned**

The trial court did not abuse its discretion by denying a mistrial after one juror saw defendant as he was taken to a holding cell where the court questioned deputies and the juror about whether other jurors had seen defendant in custody, questioned the juror about whether she had discussed what she had seen with other jurors, and dismissed the juror. The prompt inquiry and the dismissal of the juror cured any prejudice.

**3. Criminal Law— instructions—flight**

The trial court did not err by instructing the jury on flight in a prosecution for speeding to elude arrest where there was evidence that defendant fled on foot after crashing the vehicle.

Furthermore, the court's instruction that flight alone is not sufficient to establish guilt corrected any prejudice.

**4. Criminal Law— duress—fear of death or injury—evidence not sufficient**

The trial court did not err by not giving an instruction on duress in a prosecution for speeding to elude arrest where defendant testified that a passenger threatened him with a gun, no gun was found and the passenger testified that he never pulled a gun or threatened defendant, and defendant had the opportunity to leave the vehicle shortly after the chase began. There was insufficient evidence that defendant's conduct resulted from his fear of death or serious bodily injury.

Appeal by defendant from judgment entered 19 July 2001 by Judge W. Osmond Smith, III in Durham County Superior Court. Heard in the Court of Appeals 17 October 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Jeffrey R. Edwards, for the State.*

*Thomas, Ferguson & Charns, L.L.P, by D. Tucker Charns, for defendant-appellant.*

WALKER, Judge.

Defendant was found guilty of felonious speeding to elude arrest and of being an habitual felon. He was sentenced to a minimum of 120 months and a maximum of 153 months in prison.

The State's evidence at trial tended to show the following: On 10 August 2000, Trooper Joel King of the North Carolina Highway Patrol received a request from the Durham Police Department to assist in apprehending Jamal Watson, who had outstanding warrants for armed robbery. Upon information from the Durham Police Department that Watson had fled with another person in a white Lexus, Trooper King pulled behind a vehicle matching this description and activated his blue lights and siren. The vehicle, driven by defendant, stopped for a moment, briefly traveled at the posted speed limit, then ran a red light and a stop sign before accelerating to about thirty miles per hour over the posted speed limit of thirty-five miles per hour.

Defendant then drove the vehicle onto the Durham Freeway while Trooper King continued the pursuit with his blue lights and

siren activated. On the freeway, defendant accelerated to a speed of approximately 140 miles per hour. As he attempted to exit the freeway, the vehicle slid across the exit ramp onto a grassy area and struck a tree.

After coming to a stop, defendant and Watson got out of the vehicle and ran up a hill toward the woods on the other side of an entrance ramp while Trooper King followed them in his patrol vehicle. Defendant then turned and ran back across the exit ramp in the direction of the vehicle for another fifty feet with Trooper King still in pursuit before stopping and putting his hands in the air. While Trooper King handcuffed him, defendant stated that Watson told him not to stop the vehicle because Watson had warrants against him. Defendant further claimed that Watson had a gun.

At trial, Watson testified that he told defendant to "[g]et me to the projects and I'm going to jump out and run," and defendant responded "I'm on probation." Watson also testified that when he arrived at the police station after he was apprehended, he attempted to tell Trooper King that he had been driving the vehicle, but defendant stated that he admitted to being the driver and asked Watson to tell the police that he had made defendant drive. Watson further testified that he never pulled a gun on defendant and did not threaten or force him to drive.

Trooper King testified that, as he followed defendant and Watson, he did not see a gun being brandished inside the vehicle. He also testified that he never saw anything thrown from the vehicle and that he did not find a gun in the vehicle. On cross-examination, defendant attempted to ask Trooper King about defendant's statement while being handcuffed. The trial court sustained the State's objection to this question and ruled that the excited utterance exception to the hearsay rule did not apply to defendant's statement to Trooper King at the scene.

During the trial, a juror inadvertently observed defendant in custody as he was being taken to a holding cell. The trial court questioned the two deputies, who were present when defendant was being moved to the holding cell, and one deputy testified that, to his knowledge, only one juror had observed defendant at that time. The trial court then asked this juror whether any other jurors had observed defendant in custody and whether she had discussed her observation with any other jurors in any manner. Having determined that no other juror had observed defendant in custody and that this juror had not

discussed her observation with the others, the trial court dismissed her from the jury and denied defendant's motion for a mistrial.

During the charge conference, the trial court overruled defendant's objection to an instruction on flight. The trial court further denied defendant's request for a jury instruction on duress because there was insufficient evidence that his actions were caused by reasonable fear of immediate death or serious bodily injury.

[1] Defendant first contends the trial court erred in sustaining the State's objection to the admission of defendant's statement to Trooper King. Defendant argues his statement was admissible under the excited utterance hearsay exception in N.C. Gen. Stat. § 8C-1, Rule 803(2) (2001).

Rule 803(2) provides for the admission of an otherwise inadmissible hearsay statement "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." To be admissible under the excited utterance exception, "there must be (1) a sufficiently startling experience suspending reflective thought and (2) a spontaneous reaction, not one resulting from reflection or fabrication." *State v. Smith*, 315 N.C. 76, 86, 337 S.E.2d 833, 841 (1985). " '[T]he modern trend is to consider whether the delay in making the statement provided an opportunity to manufacture or fabricate the statement.' " *Id.* at 87, 337 S.E.2d at 841 (citation omitted); *see also State v. Safrit*, 145 N.C. App. 541, 551 S.E.2d 516 (2001). If "the facts indicate a lapse of time sufficient to manufacture a statement and that the statement lacked spontaneity," the statement is inadmissible under this exception. *State v. Sidberry*, 337 N.C. 779, 783, 448 S.E.2d 798, 801 (1994).

Here, defendant had only minor injuries and did not require medical treatment. Although the record does not indicate the amount of time between defendant's crashing the vehicle and making the statement, the record is clear that a sufficient amount of time had lapsed to provide defendant with an opportunity to fabricate a statement. Based on this evidence, we conclude that defendant's statement lacked the spontaneity necessary to show that it was made free of reflection or fabrication. Therefore, we hold that the trial court did not err in sustaining the State's objection and finding defendant's statement inadmissible under Rule 803(2).

[2] Defendant next contends the trial court erred in denying his motion for a mistrial after it failed to conduct an inquiry of all the

jurors regarding whether they had observed defendant in custody. "The decision whether to grant a motion for mistrial rests within the sound discretion of the trial judge and will not ordinarily be disturbed on appeal absent a showing of abuse of that discretion." *State v. Boyd*, 321 N.C. 574, 579, 364 S.E.2d 118, 120 (1988) (citation omitted). This Court is limited to an abuse of discretion review "because the trial court is in the best position to determine whether the degree of influence on the jury was irreparable." *State v. Hill*, 347 N.C. 275, 297, 493 S.E.2d 264, 276 (1997) (citation omitted), *cert. denied*, 523 U.S. 1142, 140 L. Ed. 2d 1099 (1998). A mistrial is not required based on the fact that a juror observed defendant in custody of the court. *See, e.g., State v. Perry*, 316 N.C. 87, 340 S.E.2d 450 (1986) (holding that the trial court did not err in denying defendant's motion for mistrial where there was evidence a juror inadvertently observed defendant handcuffed and in custody because the trial court conducted an inquiry and found no misconduct or prejudice to defendant); *see also State v. Johnson*, 341 N.C. 104, 459 S.E.2d 246 (1995); *State v. Montgomery*, 291 N.C. 235, 229 S.E.2d 904 (1976).

After learning that a juror had observed defendant in custody, the trial court conducted an inquiry by first questioning the two deputies present when defendant was being taken to a holding cell. One deputy stated that he believed only one juror had observed defendant at that time. This juror was questioned as to whether other jurors had observed defendant in custody and whether she had discussed her observation with other jurors. The trial court then dismissed the juror who had observed defendant but did not conduct an inquiry of the remaining jurors, having been satisfied that no other jurors had seen defendant in custody and that this juror had not discussed the matter with the other jurors. Because the trial court promptly conducted an inquiry into the matter, any prejudice to defendant was cured by the dismissal of this juror. We hold that the trial court did not abuse its discretion in denying defendant's motion for mistrial.

[3] In his next assignment of error, defendant contends the trial court's instruction to the jury on flight was improper and unduly prejudicial. Defendant contends that the evidence does not demonstrate that he attempted to avoid apprehension. Our Supreme Court has held that:

> in order to justify an instruction on flight there must be some evidence in the record reasonably supporting the theory that the defendant fled after the commission of the crime charged. Mere evidence that the defendant left the scene of the crime is not

enough to support an instruction on flight. There must also be evidence that the defendant took steps to avoid apprehension.

*State v. Fisher*, 336 N.C. 684, 706, 445 S.E.2d 866, 878 (1994) (citation omitted).

Here, Trooper King described defendant's actions after the vehicle crashed. In its flight instruction, the trial court explained to the jury that:

> [i]f you find from the evidence that the defendant did so flee, such evidence of flight may be considered by you together with all other facts and circumstances in this case in determining whether the combined circumstances amount to an admission or show a consciousness of guilt. However, proof of this circumstance is *not sufficient in itself to establish the defendant's guilt.*

(emphasis added). We find sufficient evidence in the record that defendant fled after crashing the vehicle in an attempt to avoid apprehension by Trooper King which supports the trial court's instruction. Further, we conclude that the trial court's explanation to the jury that defendant's flight alone was not sufficient evidence to establish guilt corrected any potential prejudice which could have resulted from the instruction. Therefore, we find no error in the trial court's flight instruction.

**[4]** Defendant further argues the trial court erred in denying his request for an instruction on duress. "A trial court must give a requested instruction if it is a correct statement of the law and is supported by the evidence." *State v. Haywood*, 144 N.C. App. 223, 234, 550 S.E.2d 38, 45 (citation omitted), *appeal dismissed and disc. rev. denied*, 354 N.C. 72, 553 S.E.2d 206 (2001). A defendant is not entitled to a duress instruction if he fails to present evidence that his conduct resulted from a reasonable fear that he would " 'suffer immediate death or serious bodily injury if he did not so act.' " *Id.* (citation omitted). Moreover, a duress instruction is improper if the defendant "had a reasonable opportunity to avoid doing the act without undue exposure to death or serious bodily harm." *State v. Kearns*, 27 N.C. App. 354, 357, 219 S.E.2d 228, 231 (1975), *disc. rev. denied*, 289 N.C. 300, 222 S.E.2d 700 (1976).

At trial, defendant argued that the following evidence supports a duress instruction: (1) the Durham Police Department was attempting to apprehend Watson on warrants for armed robbery, (2) police searched the scene for a weapon, (3) Watson stated that he told

defendant not to stop the vehicle and to drive him to the "projects" and (4) defendant stated that Watson threatened him with a gun and forced him to drive the vehicle. However, defendant failed to present evidence that he was in fear of immediate death or serious bodily injury. Moreover, evidence produced at trial shows that Watson never threatened or forced defendant to drive the vehicle but that defendant was driving of his own will. Further, defendant had the opportunity to exit the vehicle when he briefly stopped before getting onto the Durham Freeway. Based on the lack of evidence that defendant's conduct resulted from his fear of immediate death or serious bodily injury, we hold that the trial court properly denied defendant's request for a duress instruction.

We have carefully reviewed defendant's remaining assignments of error and find them to be without merit.

No error.

Judges McCULLOUGH and CAMPBELL concur.