An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-924
NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

STATE OF NORTH CAROLINA

v.                                    Sampson County
                                      Nos. 11 CRS 53251-52
BEN STRAYHORN, JR.


Appeal by defendant from judgments entered 17 April 2013 by Judge W. Douglas Parsons in Sampson County Superior Court. Heard in the Court of Appeals 7 April 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Matthew Tulchin, for the State.*
>
> *Danielle E. Blass for defendant-appellant.*


ELMORE, Judge.


Ben Strayhorn, Jr. (defendant) was convicted of two counts of possession with intent to sell or deliver, and two counts of sale and delivery of a Schedule I controlled substance. He pled guilty to having attained habitual felon status. The trial court sentenced defendant to two consecutive terms of imprisonment for a minimum of 60 months and a maximum of 81

months.  Defendant appeals.  We hold that defendant received a fair trial, free of prejudicial error.

The sole issue before us is whether the trial judge committed prejudicial error by denying defendant's motion for a mistrial after some jurors may have seen defendant wearing handcuffs and being placed into a sheriff's vehicle during a lunch recess.  The trial transcript shows that the jury retired to deliberate at approximately 10:21 a.m. on 17 April 2013.  At approximately 1:00 p.m., the trial judge excused the jurors for lunch.  As court reconvened after the lunch break, and with the jurors out of the courtroom, defendant's counsel stated that during the lunch break she saw sheriff's deputies putting defendant, who was handcuffed, into the back seat of a deputy's car.  She noticed that at least five jurors, two of whom she could recognize, stopped and watched this event occur and then immediately began talking with each other.  Counsel could not hear what the jurors were talking about and did not speak to the jurors.  Counsel moved for a mistrial, alleging "undue and extreme prejudice" to defendant.

The prosecutor opposed the motion and suggested to the trial court, "the appropriate thing to do is not mention it to the jury, as that would call more attention to it already."  The

trial judge then ruled that counsel's observations "do not rise to the level of necessitating a mistrial. It does not rise to the level of manifest injustice, nor extreme prejudice to the fact that Mr. Strayhorn cannot, at this time, continue with a fair deliberation." The trial judge noted the incident was "unfortunate" and thanked counsel for calling it to his attention. In deciding in his discretion to deny the motion, the trial judge stated he saw nothing to indicate that the trial could not be continued or that the jury could not be fair and impartial, basing a verdict solely upon the law and evidence in the case.

The judge brought the jurors back into the courtroom. Before excusing the jurors to resume deliberations, the trial judge questioned the jurors and confirmed that all of the jurors followed his instructions not to talk with any of the other jurors or anybody else about the case during the lunch recess. The jury resumed deliberations at 2:13 p.m. and returned to the courtroom at 2:20 p.m. with the verdicts.

"The judge must declare a mistrial upon the defendant's motion if there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, resulting in substantial and irreparable prejudice to the

defendant's case." N.C. Gen. Stat. § 15A-1061 (2013). The decision whether to grant or deny the motion rests within the sound discretion of the trial judge and will not be disturbed absent a showing of abuse of discretion. *State v. Upchurch*, 332 N.C. 439, 453, 421 S.E.2d 577, 585 (1992).

We conclude that the trial court did not err by denying the motion. "A mistrial is not required based on the fact that a juror observed defendant in custody of the court." *State v. Riley*, 154 N.C. App. 692, 696, 572 S.E.2d 857, 859-60 (2002).

> The handcuffing of defendants, as they are transferred between the courtroom and the jail, is a common practice well known by the general public. Thus, a defendant's right to a fair and impartial trial is not impaired when jurors observe him outside the courtroom in handcuffs.

*State v. Elliott*, 137 N.C. App. 282, 284-85, 528 S.E.2d 32, 34-35, *rev'd on other grounds,* 352 N.C. 663, 535 S.E.2d 32 (2000) (internal citation omitted). Although it occurred after he decided to deny the motion for mistrial, the trial judge did determine before excusing the jury to resume deliberations that the jurors had followed his instructions not to talk about the case among themselves or others during the lunch recess. Defendant did not request the trial judge to bring the jurors

who may have witnessed the incident into the courtroom for further questioning outside of the presence of the other jurors.

We hold that defendant received a fair trial, free of prejudicial error.

No error.

Judges McGEE and DAVIS concur.

Report per Rule 30(e).